407 So.2d 630 (1981)
George SANGAS, Appellant,
v.
Penelope SANGAS, Appellee.
No. 81-130.
District Court of Appeal of Florida, Fourth District.
December 2, 1981.
Rehearing Denied January 11, 1982.
*631 Robert L. Saylor of Saylor & Beatty, Stuart, for appellant.
Russell J. Ferraro, Jr., of McManus, Stewart & Ferraro, P.A., Stuart, for appellee.
BERANEK, Judge.
Husband appeals from a final judgment of dissolution of marriage. We find an abuse of discretion in regard to resolution of property and financial issues and reverse.
The parties were married for 33 years and have three children. At the time of dissolution a 15 year old child was still residing in the home. Both husband and wife were in their mid-fifties at the time of dissolution. The parties lived in New York for most of their married life. Husband had a business there and wife assisted though the extent and value of her assistance is disputed. Wife worked at other jobs outside the home at various times during the marriage and also performed the tasks of a wife and mother throughout the marriage.
The parties eventually migrated to Stuart, Florida and brought with them approximately $75,000 in cash resulting from the sale of the marital home in the north. Over the next approximate 6 years the parties owned a series of three restaurant/bar establishments. The first establishment was held in the wife's name and was run by the parties for approximately one year. Husband thereafter obtained a liquor license in his own name and operated a second bar for two and a half years. In the meantime land was purchased and a new business (the Commodore Bar and Package Store and related shops) was built on the property. This business has been quite successful. Although disputed, it appears that both parties have been instrumental in the success of the business.
The wife sought dissolution of the marriage in May of 1980 and a final judgment of dissolution was entered on December 23, 1980. The judgment dissolved the marriage and granted child custody and child support to the wife in amount of $600 per month for the support of the single minor child who remained at home. The wife was awarded lump sum alimony of $108,000. This amount was to be paid at the rate of $1,000.00 per month for 108 months. It was ordered that the alimony award would survive the death of the husband or remarriage of the wife and that the husband was required to maintain a life insurance policy on his own life to insure payment of the balance due under the lump sum alimony award in the event of his death.
The final judgment was structured by the trial court under the headings of dissolution, child custody, child support, alimony, and a separate heading denominated as "equitable distribution." Under this latter category, *632 the trial court disposed of all the remaining real property, personal property and intangible property of the parties. The clear intent of the final judgment was that these items were disposed of through the vehicle of equitable distribution rather than on the basis of any theory of alimony or special equities. Under the equitable distribution category the court disposed of the parties' major asset, the Commodore Bar, and related businesses by awarding all of the wife's interest in the business and real estate to the husband and by then awarding to the wife the sum of $240,000 as her interest in the property. The sum of $240,000 was to be paid at the rate of $10,000 per year. The wife was also awarded a lien on the property in the full amount of $240,000 and the husband was required to execute the necessary documents to perfect the lien. Prior to dissolution the parties had owned the real estate on which the business was located as tenants by the entireties and the liquor license, inventory and furnishings were in the husband's individual name. The approximate value of the bar business was $508,000 with a $172,000 lien resulting in net value of $336,000.
The parties owned a marital home worth approximately $80,000 with a $38,000 lien. The home was awarded to the wife along with $10,000 worth of furnishings. The wife was also awarded a $5,000 deposit on a condominium which had been withdrawn from joint funds and a $7,500 note receivable which had been in the husband's name individually. Two real estate investment lots were owned by a corporation which was controlled by the husband. The court equitably distributed these assets by leaving them titled in the corporation but simply awarding the wife $12,000 which was an amount equal to the net value of one of the lots. The husband's corporation was apparently left with the full mortgage obligation. The parties also owned an income producing warehouse property out of the state of Florida. This property was jointly owned and the entire interest in the warehouse was awarded to the wife representing a $30,000 net value plus the future income from the property.
A summary of the court's disposition of various property interests through the vehicle of "equitable distribution" is as follows:

 AWARD AWARD
 ASSET VALUE LIEN TO WIFE TO HUSBAND
1. Commodore Bar $508,000 $172,000 $240,000 $ 96,000
2. Home $ 80,000 $ 38,000 $ 42,000 None
3. Furnishings $ 10,000 None $ 10,000 None
4. Deposit on Condo. $ 5,000 None $ 5,000 None
5. Note receivable $ 7,500 None $ 7,500 None
6. Two lots $ 34,000 $ 10,000 $ 12,000 $ 12,000
7. Warehouse $ 50,000 $ 20,000 $ 30,000 None
8.[*] Lump sum alimony $108,000 N/A $108,000 N/A
 TOTALS $802,500 $240,000 $454,000 $108,000

Even if this marriage is viewed as a complete partnership entitling the parties to share equally in its fruits, it is obvious the trial court has awarded the wife substantially more than one-half. We see nothing in the record which would entitle the wife to a share substantially in excess of one-half and conclude that the court below abused its discretion in the financial awards under Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980) and Duncan v. Duncan, 379 So.2d 949 (Fla. 1980).
In addition, the court erred in disposing of the parties various property interests *633 and in transforming[1] these interests by use of the theory of equitable distribution as an independent vehicle for an award. Our view of Canakaris and Duncan is that these decisions attempted to clarify the law as to lump sum alimony and permanent periodic alimony in Canakaris and special equities and exclusive possession of property in Duncan. These decisions did not create a totally new vehicle for the award and division of property. Trial courts are still bound to exercise their broad discretion through the existing remedies. In the Canakaris decision the court stated:
The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently.
382 So.2d at 1202. When the court listed the various remedies it clearly did not intend to create a totally new vehicle named "equitable distribution" as the trial court employed in the instant case. We conclude that an "equitable distribution of the property of the parties acquired during their marriage," as this language was used by the Supreme Court, refers to an end or purpose rather than a vehicle or remedy.
On the basis of the above, we find the trial court erred. The property of the parties should have been disposed of by resort to the concepts of alimony and special equities with due regard given for the contributions of both parties. Since these concepts are interrelated, we have no alternative other than to reverse all financial aspects of the final judgment with the exception of the child support figure which is hereby affirmed. See Bradley v. Bradley, 327 So.2d 253 (Fla. 4th DCA 1976). The cause is remanded for further proceedings in accordance with the law as established by the aforecited authorities.
REVERSED AND REMANDED.
DOWNEY and HURLEY, JJ., concur.
NOTES
[*] Technically, of course, this does not constitute an asset but does represent a depletion of the Husband's assets.
[1] The court transformed the character of various property interests. The wife's interest in the Commodore Bar real estate was transferred to husband. Wife was then awarded a fixed ($240,000) interest in the real estate, liquor license, inventory and personal property of the business and awarded a general lien against all of these assets.