409 So.2d 177 (1982)
Marie A. POWERS, Appellant,
v.
Robert G. POWERS, Appellee.
No. 81-1102.
District Court of Appeal of Florida, Second District.
January 29, 1982.
Richard H. Bailey of Harrison, Harllee, Porges & Bailey, Bradenton, for appellant.
Douglas A. Wallace, Bradenton, for appellee.
*178 DANAHY, Judge.
The wife appeals from a final judgment of dissolution of marriage in which the trial judge, after awarding the wife permanent periodic alimony and lump sum alimony, directed the wife to deed over to the husband all of the wife's right, title and interest in the jointly owned marital domicile. Neither party requested partition of jointly owned property, the husband did not establish a special equity in the marital domicile, and the wife did not agree to a disposition of the marital domicile. Under these circumstances, the trial judge erred in awarding the wife's interest in the marital domicile to the husband.
The husband points out that the trial judge made a lump sum award to the wife of the husband's interest in a residential condominium unit and justifies the award of the marital dwelling to the husband as a means of accomplishing an "equitable division" of the party's marriage assets. Recently, the Fourth District Court of Appeal confronted a similar argument and held that the theory of equitable distribution is not an independent vehicle for an award of property in a dissolution of marriage proceeding. Sangas v. Sangas, 407 So.2d 630 (Fla. 4th DCA 1981). We agree with our sister court's analysis and holding in that case; here, the property of the parties should have been disposed of by resort to the concepts of alimony and special equities with due regard given for the contribution of both parties.
Since the dispositions and awards in the final judgment are interrelated, we reverse all financial aspects of the final judgment and remand this cause for further proceedings in accordance with this opinion.
REVERSED and REMANDED.
BOARDMAN, A.C.J., and GRIMES, J., concur.