414 So.2d 554 (1982)
Adrian L. LEONARD, Appellant,
v.
Dortha A. LEONARD, Appellee.
No. 81-808.
District Court of Appeal of Florida, Second District.
April 23, 1982.
As Corrected on Denial of Rehearings June 2, 1982.
*555 Walter W. Manley, II, Lakeland, and Gerald W. Medeiros, Lakeland, for appellant.
Ernest S. Marshall, Bradenton, for appellee.
GRIMES, Judge.
The final judgment of dissolution in this case awarded the wife permanent periodic alimony of $250 a month and lump sum alimony in the husband's one-half interest in the parties' Florida residence. It also awarded the husband lump sum alimony in the wife's one-half interest in the parties' Canadian real estate and made other dispositions which are not important here. The husband contends that the court abused its discretion in awarding the wife permanent periodic alimony. The wife cross-appeals on several grounds, including the claim that the court erred in awarding to the husband her interest in the Canadian property.
We must reverse the award of the interest in the Canadian property to the husband as lump sum alimony because his answer and counterpetition contained neither an allegation upon which an award of alimony could be made nor any prayer for alimony. Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981). Under these circumstances we would ordinarily reverse and remand the entire judgment for further proceedings because in a judgment of dissolution the various awards to the parties are usually interrelated. E.g. Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982). However, since the award of periodic alimony to the wife is so clearly justified in this case, we will not disturb that portion of the judgment. Yet we do feel that because we must reverse the award of the wife's interest in the Canadian property, we must also reverse the award to the wife of the husband's interest in the Florida property. We cannot say that the judge would have awarded one had he not awarded the other.
From a study of the record it is obvious that the court reached a well informed decision which was in the interests of both parties. The wife needs a home in Florida in which to live, and under the circumstances it was fair to award the husband the entire interest in the Canadian property. Despite this fact, the parties chose to bring their grievances to this court, and we are obligated to follow established legal principles. We are thus constrained to point out that in a dissolution proceeding a trial court is not authorized to make an "equitable division" of the parties' property absent one of the vehicles legally recognized in marital disputes such as lump sum alimony or special equity. Powers v. Powers; Sangas v. Sangas, 407 So.2d 630 (Fla. 4th DCA 1981).
We reverse the lump sum alimony awards of the Canadian property and the parties' residence but affirm the balance of the judgment. We remand the case for further proceedings consistent with this opinion.
SCHEB, C.J., and CAMPBELL, J., concur.