SHIVERS, Judge.
Wife appeals those aspects of a final judgment of dissolution of marriage granting husband special equity in certain properties. The wife asserts the trial court erred in granting husband a special equity: (1) in a forty-eight acre farm owned by the parties as tenants by the entireties; (2) in marital household furnishings owned jointly by the parties; and (3) in the marital residence owned by the parties as tenants by the entireties. We affirm in part, reverse in part and remand.
The wife works part-time as a receptionist, while the husband is a retired school teacher. The parties were married in 1972 and occupied the marital residence located in Suburban Heights, Gainesville, Florida in 1973. The Suburban Heights home was acquired by the husband pursuant to a divorce settlement with his previous wife. The home was furnished by the parties partially with furniture owned by the wife prior to marriage, and the remainder of the furnishings were purchased during the years of marriage. In September 1973, the Suburban Heights home was deeded by husband to husband and wife as tenants by the entireties. At approximately the same time, the residence was remortgaged with both parties signing and being obligated upon the new mortgage. The current balance of this mortgage is approximately $27,000. The proceeds of this mortgage, along with a joint loan from the Federal Land Bank, were used to purchase an eighty acre farm in 1973. This eighty acre *278 farm was deeded to the parties as tenants by the entireties, and both husband and wife were obligated on the loan. This land was subsequently sold in four installments which made a substantial profit for the parties. The last of the four parcels of the eighty acre farm was sold on September 24, 1980. By that time, the Federal Land Bank loan was completely paid off, the parties were mortgagees on a $35,000 mortgage receivable, and approximately $37,000 was deposited in a joint Merrill Lynch account.
In addition to the proceeds from the sale of the eighty acre farm, money received by the husband via inheritance was also placed in the Merrill Lynch joint account. The husband inherited a total of $75,000 from an aunt, and received the money in three installments over several years. The final installment of $30,000 was deposited into the Merrill Lynch account in July of 1980. The Merrill Lynch account was used for various purposes including household and living expenses, a family cruise, and a loan to the wife’s daughter and son-in-law. On November 21,1980, the parties purchased a forty-eight acre farm in Gilchrist County. It was acquired with a down payment of $20,000, which came from the joint Merrill Lynch account, and a mortgage loan on which both parties are obligated. This farm has an outstanding mortgage of approximately $40,000 at the present time.
In 1981 both parties petitioned for dissolution of marriage. In the final judgment of dissolution, the trial court awarded the husband a special equity in the forty-eight acre farm in Gilchrist County, the marital residence in Suburban Heights and the furniture in the marital residence. The wife was awarded the mortgage receivable, which has a balance of approximately $33,-000, as lump sum alimony. The husband was held responsible for the payments of the mortgages, taxes, insurance and liens on the forty-eight acre farm and marital residence.
For purposes of marital dissolution proceedings, the term “special equity” describes a vested interest in property brought into marriage or acquired during marriage because of a contribution of services or funds over and above normal marital duties. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In Ball v. Ball, 335 So.2d 5 (Fla.1976), it was said, “that a special equity is created by an unrebutted showing, as was developed here, that all of the consideration for property held as tenants by the entire-ties was supplied by one spouse from a source clearly unconnected with the marital relationship.” Id. at 7 (footnote omitted). Appellant wife contends that the husband has failed to show that all the consideration for the forty-eight acre farm came from a source clearly unconnected with the marital relationship.
Assuming, arguendo, that appellant is correct in contending that no special equity is shown by the instant facts, this does not end our inquiry. The fact that a final judgment uses the term “special equity” when the record does not establish a vested property right does not invalidate the award if it can be upheld on alternative grounds, such as lump sum alimony. Collinsworth v. Collinsworth, 386 So.2d 570 (Fla. 1st DCA 1980). As was stated in Canakaris:
The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the court, those remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently.
382 So.2d at 1202. Based on our review of the record, we find that the award of the forty-eight acre farm was justified as lump sum alimony to insure an equitable distribution of property acquired during the marriage. Fell v. Fell, 421 So.2d 790 (Fla. 1st DCA 1982); See Duncan v. Duncan, 379 So.2d 949 (Fla.1980). We recognize that a *279 change in nomenclature from special equity to lump sum alimony will result in both parties receiving some form of lump sum alimony. We think, however, that this result is authorized by Canakaris. Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980). Therefore, we affirm that part of the judgment which awards the forty-eight acre farm to the husband.
We also affirm the award to the husband of a special equity in the marital residence in Suburban Heights. The record is clear that the Suburban Heights home was the sole property of the husband prior to marriage. Thus, under Ball, the husband must be awarded a special equity in the marital home unless the wife can show that a gift was intended when the home was deeded to the husband and wife as tenants by the entireties. When, as here, the grant- or’s intent is to be determined from the conflicting testimony of the parties, it is the responsibility of the trial court to evaluate the weight and credibility of that testimony and to arrive at a determination. Marsh v. Marsh, 419 So.2d 629 (Fla.1982). We will not substitute our judgment for that of the trial court.
The trial court, however, also found a special equity in favor of the husband in the jointly owned household furnishings. The parties have now agreed that the furnishings should be divided equally. Therefore, we reverse and remand on this issue.
AFFIRMED in part, REVERSED and REMANDED in part.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.