444 So.2d 35 (1983)
Carlos HERNANDEZ, Appellant,
v.
Vivian R. HERNANDEZ, Appellee.
No. 83-1216.
District Court of Appeal of Florida, Third District.
December 27, 1983.
Rehearing Denied February 13, 1984.
Max A. Goldfarb, Miami, for appellant.
*36 Horton, Perse & Ginsberg, and Arnold Ginsberg, Miami, Roger Bridges, Coral Gables, for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This is an appeal from a final judgment of dissolution. The parties were married in 1974 and have one minor child. During the marriage, the husband attended a foreign medical school aided by the financial support of the wife, his parents, and tuition loans. The husband filed his petition for dissolution of marriage in 1982, shortly after his graduation. Since that time, he has been unsuccessful in four attempts to pass the medical examination required for a license to practice in the United States. At the time of entry of the judgment dissolving the marriage he was employed as an assistant in a medical clinic earning a net $160 per week  less than that earned by the wife in her position as a legal secretary.
Recognizing the husband's present inability to pay permanent or rehabilitative alimony, yet seeking to compensate the wife for her financial contributions to the husband's education, the trial court assessed the present value of the husband's medical training at "in excess of One Million Dollars," and ordered him to pay the wife twenty-five percent of his net income as a special equity or an equitable distribution. The payments were to be made monthly, to commence only when the husband began to practice medicine until $250,000 was paid. That provision of the final judgment presents the main issue in this appeal.
In Hughes v. Hughes, 438 So.2d 146 (Fla. 3d DCA 1983), we held that an educational degree is not property subject to distribution as lump sum alimony in a dissolution of marriage proceeding because its value, which must be measured by future earning capacity, is too speculative to calculate. This reasoning applies equally to a special equity, which is a vested interest in property brought into or acquired during the marriage because of contribution of services or funds over and above normal marital duties. Canakaris v. Canakaris, 382 So.2d 1197, 1200 (Fla. 1980). Therefore, we reverse the award granting the wife $250,000 as a special equity or an equitable distribution in "the fruits of the husband's medical career."[1]
We also reverse the judgment insofar as it makes awards which were not sought by the pleadings. See Leonard v. Leonard, 414 So.2d 554 (Fla. 2d DCA 1982), rev. denied, 424 So.2d 762 (Fla. 1983). The final judgment makes the following awards which find no support in the allegations of the wife's counter-petition and which were not prayed for: (1) life insurance on the life of husband naming the minor child as beneficiary; and (2) private school and college education for the minor child. The general prayer in the wife's answer/counter-petition for "any other benefits ... which [the court] deems meet and proper" is insufficient to support the award.
Reversed and remanded for further proceedings.
NOTES
[1] This does not preclude the trial judge, on remand, from fashioning some other equitable remedy which does justice between the parties, see Canakaris at 1202, and which does not leave one spouse "short-changed", see id. at 1204. Such an award may include, but is not limited to, reimbursement to the wife for sums advanced by her for the husband's tuition and other expenses of medical school, reimbursement for her interest in the joint assets sold by the parties in order that the husband could attend school, and relief from liability for tuition loans by the bank to the husband which were co-signed by her.