466 So.2d 203 (1985)
Felicia M. TRONCONI, Petitioner,
v.
Francis Joseph TRONCONI, Respondent.
No. 63368.
Supreme Court of Florida.
January 24, 1985.
Rehearing Denied April 25, 1985.
Ira Marcus, Fort Lauderdale, for petitioner.
Philip Michael Cullen III, Fort Lauderdale, for respondent.
Marsha B. Elser, Chairman, Miami, Brenda M. Abrams, Chairman-elect, Miami, Miriam E. Mason, Tampa, Cynthia L. Greene, Miami, Stephen W. Sessums, Tampa, and Melvyn B. Frumkes, Miami, amicus curiae for The Family Law Section of The Florida Bar.
EHRLICH, Justice.
We review a decision of a district court affirming a property distribution in a marital *204 dissolution proceeding. Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982). The decision conflicts with Leonard v. Leonard, 414 So.2d 554 (Fla. 2d DCA 1982), and Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982). We have jurisdiction pursuant to article V, section 3(b)(3), of the Florida Constitution.
Felicia and Francis Tronconi wed in 1955 in Connecticut. In 1981, their marriage was dissolved in a Florida court. During the course of the marriage, the couple at various times lived in Connecticut and Florida. Both worked as teachers and contributed financially to the acquisition of assets, although Mr. Tronconi was unemployed at the time of this divorce. At the time of the final hearing both parties were sixty years old. Although a variety of issues were raised by Mrs. Tronconi in her appeal to the Fourth District Court of Appeal, the appellate court addressed only one  the trial court's distribution of jointly held properties.
In the pleadings, both parties petitioned for temporary, permanent, and lump-sum alimony. Each party also asked to be awarded all jointly held real property, claiming special equities. In the alternative, each party asked that the property be partitioned and sold. The disputed joint properties consisted of the marital home in Broward County, a second house and land in Lake Placid, Florida, and some investment property on Great Abaco Island in the Bahamas.
At trial, Mr. Tronconi testified he wanted the house and one acre of land at Lake Placid where he was living after separating from his wife. He acquiesced to partition and sale of the rest of the Lake Placid property but did not testify regarding his wishes for disposition of the other properties. Mrs. Tronconi testified she wanted: partition of the entire Lake Placid property; title to the Great Abaco Island property (however, she also testified she would acquiesce to partition); and title to the marital home, where she continued to live.
The trial judge found no special equities and that partition "would not be in the best interests of either party." Instead, he awarded the marital home to Mrs. Tronconi and the Lake Placid and Great Abaco properties to Mr. Tronconi. The resulting distribution did not achieve a precisely equal division of value. However, the amount of debt owed on the properties and other factors were disputed by the parties, and the distribution may be found to be equitable by virtue of the trial judge's inherent findings of facts on those issues. The final order also disposed of other real and personal property appropriately. No alimony was awarded for the support of either party. The final order thus achieved a clean break from the bonds of matrimony and joint ownership.
Mrs. Tronconi, in her petition to this Court, challenges the district court's decision that, in the distribution of jointly held assets, a trial court may order the parties to convey their interests in the joint assets as part of a property distribution scheme. Mrs. Tronconi argues that, in the absence of any special claims on jointly held property, the court has no choice but either to partition the property upon application of either party, or to do nothing, which, upon dissolution, results in a tenancy in common. Ch. 64, Fla. Stat. (1981) (partition); § 689.15, Fla. Stat. (1981) (tenancy by entirety becomes tenancy in common upon dissolution).
We hold that, as a natural extension of the rule we adopted in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the trial judge, upon a request by either party for disposition of jointly held assets, may order the conveyance of such assets as will achieve an equitable distribution.
In Canakaris, this Court held that a trial court could properly order a husband to convey his interest in the jointly held marital residence to his spouse as part of an equitable distribution of property. The Canakaris Court was concerned with the award of property in recognition of a wife's "special contributions" to a financially successful marriage. The "special claim" of such a spouse is not founded on the doctrine of special equity, a vested property *205 right. Nor is this special claim grounded in the doctrine of support-type lump-sum alimony.
The Canakaris Court thus recognized a new justification for awarding lump-sum alimony to achieve an equitable distribution of assets. The focus was on the justification rather than on the means by which the trial court achieved the equitable distribution. The means was, of course, the trial court's award of the husband's interest in the marital home to the wife. In the instant case, the goal of a property disposition, an equitable distribution of the property, has been confused with the justification recognized in Canakaris, the award of an interest in property in the absence of a support obligation.
A judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status... .
... .
Dissolution proceedings present a trial judge with the difficult problem of apportioning assets acquired by the parties and providing necessary support. The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently.
Canakaris, 382 So.2d at 1201-02.
"Justification" is a key operative word in awarding lump-sum alimony. The Canakaris Court recognized the traditional justification of support needs, and the new justification of a special claim. We are called on here to recognize another justification, the equitable disposition of interests in jointly held properties. We find that such a justification is proper and equitable.
In determining a party's need for support, the trial judge must anticipate the post-dissolution financial status of each party. If jointly held property is to remain untouched and subject to partition at the whim of either party subsequent to his final order, the trial judge is unable to ensure that the delicate balancing of equities achieved in his final order will not be thwarted. Likewise, where one or both parties have requested partition in the dissolution proceeding, partition may create inequities which the trial judge is unable to correct through the other remedies available to him. By allowing the trial judge also to utilize cross-awards of jointly held property, the goals of achieving an equitable distribution of assets and ensuring the support needs of the parties is furthered, and the chance of inequities arising as a result of a partition demand during the dissolution or afterwards is lessened.
The district court chose to base its affirmance of the trial court order by finding that Canakaris created a totally new vehicle for the division of property, a vehicle it chose to call "equitable distribution." The district court based its conclusion on the change in the lump-sum alimony criterion from a need for the alimony, to a justification for the lump-sum award. While the change in criterion represents a departure from the earlier needs analysis, the vehicle remains the same, lump-sum alimony. The goal is an equitable distribution, and we have merely expanded the capability of the vehicle to achieve that goal. Whether the expanded vehicle looks like a new car or merely a refurbished but reliable older model is an exercise in semantics we decline to undertake.
We emphasize that we adhere to the preexisting vehicle, lump-sum alimony, and find a new justification for the award of *206 same. The justification is limited to those situations where it is possible to equitably distribute the jointly held property through cross-awards of the property. We also note that other considerations, such as a finding of a special equity in one of the joint properties, will interrelate with the considerations attendant to the cross-award justification we adopt here.
Mrs. Tronconi asserts that, even if the trial judge could properly cross-award the property, the award in this case produced an inequitable result. However, we find that the assignment of interests and obligations at issue here produces a result about which, at the worst, reasonable persons could differ. There therefore was no abuse of discretion. Canakaris.
We accepted jurisdiction in this case because of conflict with Leonard v. Leonard, 414 So.2d 554 (Fla. 2d DCA 1982), and Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982). In both those cases, the Second District reversed the trial courts' cross-award of jointly held properties. We disapprove of those opinions to the extent that they bar cross-awards under the circumstances outlined in this decision.
Accordingly, the decision of the district court is approved.
It is so ordered.
ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
BOYD, C.J., dissents with an opinion.
BOYD, Chief Judge, dissenting.
Although I find most of what is said in the majority opinion unexceptionable, I find I must dissent from the conclusion reached insofar as it applies to the facts of this case. While I have no objection in principle to the proposition that a court may order reciprocal conveyances of two separate residences jointly owned by the parties to a dissolution proceeding, I note the total absence of any discussion in the majority opinion of the most important question, under the Canakaris doctrine, presented by the petition for review in this case. That question is: what was the justification for the property disposition ordered by the trial court?
The court awarded the jointly owned marital residence to the former wife, the house having a net equity value to the parties of about $51,250. The other jointly owned parcel, with a residential improvement, and having a net equity value of about $42,850, was awarded to the husband. The court awarded a jointly owned unimproved parcel on Grand Abaco island, having a net value of about $3,500, to the husband. As to the other two lots in the Bahamas owned separately by the husband, the court did not award them to the husband but merely confirmed his separate title to them.
In terms of providing the parties with the means for continued occupancy of their present residences, the trial court's disposition seems effective and fair. In terms of monetary value the order achieves a kind of rough equality, with the Grand Abaco lot tending to help equalize the value inherent in the respective awards to husband and wife. On the other hand, it is not clear from the trial court's order what was the specific justification for the court-ordered property disposition or the inequality of monetary value inherent in it.
The trial court found that "neither party has established a special equity in any of the real property." Moreover, the trial court's order contains no findings pertaining to any special support needs of either of the parties. As the majority opinion expresses it, the final order approved a "clean break" from the marriage for both parties. In the absence of specific discussion of the circumstances of the parties, it is difficult to discern what was the justification for the trial court's novel property disposition.
Upon dissolution of a marriage, property held by the parties as an estate by the entirety is transformed automatically into a tenancy in common. § 689.15, Fla. Stat. (1983). Tenants in common are entitled under the law to partition, or public sale and partition of proceeds, of jointly owned *207 property. Strauss v. Strauss, 3 So.2d 727, 148 Fla. 23 (1941); §§ 64.031, 64.071, Fla. Stat. (1983). The trial court found that "physical partition of the realty would not be in the best interests of either party," but did not mention the alternate remedy of public sale with partition of proceeds. In any event, no underlying factual findings or reasoning is provided in support or explanation of the bare conclusion that partition would not well serve the parties' interests. The disparity in monetary value of the properties awarded to the respective parties is in need of justification.
In the absence of special equities, special support needs and duties, or other special circumstances, there is no justification for the court's making a property settlement for the parties. Presumably, both of the parties are rational, competent adults. In the absence of special justification, there is no reason not to simply let the law take its course, leaving the properties titled as determined by the record title and the operation of law. If physical partition is not in their best interests, presumably they will resort to other ways to resolve the property questions. Whether tenants in common seek physical partition, or public sale and partition of proceeds is a matter for those persons to settle between themselves through negotiation and agreement. If they cannot reach an agreement, the remedies provided by the law are available to them. For a court to force a property settlement on the parties to a dissolution proceeding without some specific justification goes beyond the proper authority of the court in such a situation.
The several opinions authored by the judges of the district court of appeal and the majority opinion of this Court, treating the question of whether under Canakaris "equitable distribution" is a new "vehicle" or merely the same old goal appear to me to be largely exercises in semantics. The important question to be answered in this case is whether the trial court's order was specifically justified; the majority fails to address that question.