FRANK, Judge.
In the instant case Nancy Gary, the wife, appeals from a final judgment of dissolution of marriage. We affirm.
The parties married in 1961 and separated in 1983. There were no children born as a result of the marriage. Although the wife was employed as a clerk in Nashville, Tennessee, at the outset of the marriage, she primarily acted as a homemaker. Following several relocations, the parties returned to Tennessee where they operated a convenience store and gas station. They also owned and operated a motel known as the Goose Creek Inn in Franklin, Tennessee, which the wife helped manage and in which she maintained an antique shop.
Approximately two years after opening, the Goose Creek Inn was sold. The parties received $50,000.00 cash and a note for $150,000.00. The note was used by the husband as collateral to borrow money for the purchase of a motel known as the Airport Inn in Chattanooga, Tennessee. The Airport Inn was purchased by the husband and a business partner who, together, had formed a limited partnership. The wife did not participate in the negotiations preceding the purchase of the Airport Inn, she did not know in whose name the motel was titled and apparently took no part in its operation.
In 1982, the parties acquired a motel known as the Admiral Benbow Inn in Jackson, Mississippi. The motel was titled in the husband’s and wife’s names. In 1983 the Airport Inn was sold for $2,150,000.00. The sale price included $525,000.00 cash and a promissory note and first mortgage on the Airport Inn in the amount of $1,625,-000.00. The husband’s limited partner received $310,000.00 from the sale of which $160,000.00 is in the form of a promissory note from the husband. The wife received no money from the sale.
During the time of the acquisition of these motels the parties moved from Tennessee to Punta Gorda, Florida, in 1978, and purchased a home. They subsequently sold that home and purchased, in joint names, a condominium in Boca Grande, Florida. During the marriage the parties acquired various other assets, both real and personal, which were divided at the time of the final judgment.
On appeal the wife’s essential contentions are that: (1) she is entitled to a special equity in the $1,625,000.00 Airport Inn note by virtue of her labor in managing and operating the Goose Creek Inn. She urges that the $150,000.00 note received on the Goose Creek Inn was used as collateral to borrow money for the purchase of the Airport Inn, thus a connection exists between her labor and the money derived from the sale of the Airport Inn; (2) because the husband failed properly to plead, an award of the wife’s interest in the jointly-owned Boca Grande Club Condominium to the husband cannot stand; and (3) she is entitled to an award of attorney’s fees.
We reject the wife’s first contention. The record indicates that the trial court, although not expressly stating it as a finding in the final judgment, found that the wife did not meet her burden in establishing a special equity in the Airport Inn note. We do not disturb the disposition of this award. See Marcoux v. Marcoux, 464 So.2d 542 (Fla.1985); Conner v. Conner, 439 So.2d 887 (Fla.1983).
As to the wife’s second point, we affirm. In Leonard v. Leonard, 414 So.2d 554 (Fla. 2d DCA 1982), relied upon by the wife, this court reversed an award to the husband of the wife’s interest in jointly-owned property because the husband filed no pleading containing an allegation upon which an award of alimony could be made nor any prayer for alimony. Accord Pow *364 ers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982). It is clear from the record in this case that although the wife in her amended petition prayed for the traditional aspects of alimony and special equity, the husband’s pleadings failed to claim any special equity, alimony or partition. Indeed, his pleadings contained no counterclaim or any prayer for relief. Therefore, it initially appears that the wife, under Leonard and its off-spring, should prevail on this point. However, in the light of our supreme court’s recent opinion in Tronconi v. Tron-coni,. 466 So.2d 203 (Fla.1985), which disapproved Leonard and Powers to the extent they barred cross awards under the circumstances considered in Tronconi, the supreme court held that “as a natural extension of the rule we adopted in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), the trial judge, upon request by either party for disposition of jointly-held assets, may order the conveyance of such assets as will achieve an equitable distribution.” [emphasis added] Tronconi, 466 So.2d 204. Moreover, notwithstanding that the jointly-held assets distributed to the parties in Tronconi were residences, we do not read that opinion as a limitation upon the distribution of “jointly-held assets” to that form of property.
In the case before us, the trial court awarded certain jointly-held personal property to the wife in an apparent attempt to offset the award of the parties’ jointly-owned condominium to the husband. In applying the holding in Tronconi, we find distribution of the jointly-held assets proper and, therefore, we depart from Leonard and Powers. It is also noted that although the trial court did not specifically label its property division as lump sum alimony, the record reflects that such denomination was inherent in the award.
As to the wife’s final contention, we adhere to the principle recognized in Conner v. Conner, 439 So.2d 887 (Fla.1983), that the award of attorney’s fees is a matter to be determined by the trial court. Because the wife was awarded funds from which attorney’s fees may be paid, the trial court did not abuse its discretion in refusing to award such fees to the wife.
Accordingly, we affirm.
OTT, A.C.J., and BOARDMAN, EDWARD F. (Ret.) J., concur.