466 So.2d 1198 (1985)
Alexander C. ANGELIDES, Appellant/Cross-Appellee,
v.
Denise ANGELIDES, Appellee/Cross-Appellant.
Nos. 83-2379, 84-1175, 84-1908 and 84-2070.
District Court of Appeal of Florida, Third District.
April 9, 1985.
Joe N. Unger, Miami, for appellant/cross-appellee.
Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Norman A. Sand and Paul Louis, Miami, for appellee/cross-appellant.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
These consolidated appeals arise from a final judgment of dissolution dissolving the parties' twenty-one-year marriage. The husband seeks to overturn the trial court's award of permanent periodic alimony to the wife and two final judgments awarding the wife attorney's fees and costs. The wife appeals two post-judgment orders. We affirm.
In Walter v. Walter, 464 So.2d 538, 539 (Fla. 1985), the Florida Supreme Court reiterated the scope of appellate review of a *1199 trial court's disposition of property and alimony or support awards:
In reviewing the trial court's disposition of property and award of alimony and support, the appellate court's responsibility is to determine from the admitted facts, or the facts taken most favorably to the prevailing party, (1) whether the rules of law were applied correctly and (2) whether the trial court's discretionary authority was reasonably exercised under the test set forth in Canakaris.

The husband contends that the trial court's award of permanent periodic alimony resulted from the incorrect application of a rule of law. According to the husband, the fact that the trial court's disposition of the assets enables the wife to maintain herself in the style to which she has become accustomed precludes a showing of financial need. Current law, however, does not restrict an award of permanent periodic alimony to circumstances of demonstrated need.
While permanent periodic alimony is most commonly used to provide support, in limited circumstances its use may be appropriate to balance such inequities as might result from the allocation of income-generating properties acquired during the marriage.

Walter, at 539 [quoting Canakaris v. Canakaris, 382 So.2d 1197, 1201-02 (Fla. 1980)]. Thus, the trial court, in the proper exercise of its discretion, may balance the parties' assets and income. We therefore conclude that under the circumstances of this case, the trial court acted reasonably, exercised its discretion properly, and applied correct principles of law in awarding the wife permanent periodic alimony. See Walter; Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985).
Insofar as the award of attorney's fees to the wife is concerned, the law is clear that "[t]he award of attorney's fees is a matter to be determined by the trial court." Gary v. Gary, 467 So.2d 362 (Fla. 2d DCA 1985) [citing Conner v. Conner, 439 So.2d 887 (Fla. 1983)]. Furthermore, "[i]t is not necessary that one spouse be completely unable to pay attorney's fees in order for the trial court to require the other spouse to pay these fees." Canakaris, 382 So.2d at 1205. Given the husband's superior financial ability to secure and pay counsel, we conclude that the trial court did not abuse its discretion in granting the wife attorney's fees. See Canakaris, 382 So.2d at 1205.
Finding no merit in the wife's appeal, we affirm the challenged post-judgment orders.
Affirmed.