498 So.2d 1387 (1986)
Marilyn O. BLUMBERG, Appellant,
v.
Edward R. BLUMBERG, Appellee.
No. 85-1173.
District Court of Appeal of Florida, Third District.
December 30, 1986.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, for appellant.
Young, Stern & Tannenbaum and Glen Rafkin, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Appellant/wife seeks review of the final judgment entered by the circuit court in the dissolution of marriage action brought by appellee/husband.
The February 14, 1985 final judgment under review states as follows.
THE WITHIN MATTER arose out of a Petition for Dissolution filed by the Husband on April 26, 1983 following the Petitioner's exit from the marital abode on April 22, 1983. After sixteen months of a paper blizzard concerning income and expenses, the Court plowed through and dissolved the marital relationship on August 29, 1984, leaving only the financial drifts for subsequent clearing.
In January of 1985, (despite a last moment attempted continuance by the Wife based on an exchange of Counsel the weekend before) the final Final Hearing was held and testimony was taken from the parties, from various accounting, tax and vocational experts, as well as a stipulation of Counsel concerning the value of certain marital assets. The hearing was finally terminated in the late hours when the evidence as well as the Litigants, Counsel and the Court were equally exhausted. Counsel have since submitted written memoranda by way of Final argument. Based on all of the above, as well as a determination of the credible and believable evidence, both testimonial and exhibit, the Court finds as follows:
I. Special Equities

The Court finds that the Wife is not entitled to any special equity in the Husband's Law Practice, both as a matter of law (Hughes v. Hughes, 438 So.2d 146 *1388 (Fla. 3rd DCA 1983) and Hernandez v. Hernandez, 444 So.2d 35 (Fla. 3rd DCA 1983)[, review denied, 451 So.2d 848 (Fla. 1984)]) and as a matter of fact (other than accompanying the Husband when he shopped for office furniture or stopping enroute to dinner at an accident scene for the Husband to take pictures, the Wife performed no services for the business, not even entertaining business accounts; nor was there any evidence of use of marital assets to "Seed" the Law Practice, but simply the occasional use of some personal monies to either support the parties or advance a check for a minimal purchase and said monies were immediately returned from the Law Practice).
Nor does the Court find sufficient believable evidence that the Wife is entitled to any special equity in the marital home. Both have contributed sums to the purchase, upkeep and improvement thereof in both money and services, though the Wife denigrated the carpentry, masonry and roofing abilities of the Husband.
Finally, no special equities is [sic] found in the other income-producing properties.
II. Equity Distribution

The Court can use the vehicle of equity distribution to redistribute assets equitably among the parties. Tronconi v. Tronconi, [466 So.2d 203] (Fla. 1985).[[1]] The Wife alleges in the "Final Argument" that the value of the total assets to be considered for distribution before any credits, including the various real properties, boat, I.R.A. account, automobiles, furniture, etc., is "Somewhat in excess of $135,000.00." Although the Court's mathematical computations are slightly different, the difference is negligible (and the Court would hesitate to substitute its own "fingers and toes" arithmetic abilities).
After considering all the credits due either or both parties, including certain advances ordered or suggested by the Court or demanded by the Wife, the net amount the Wife would be entitled to is $50,000.00 or less. If the Husband conveys his interest in the marital home and contents to the Wife, the Wife's assets would total over $56,000.00, which is close enough to satisfy the Court's equitable concerns.
III. Alimony

Although the Wife is capable of being selfsupporting immediately, being trained as a Social Worker with a Masters Degree in that field, and the evidence established that there are jobs with entrylevel between $24,000.00 and $28,000.00, the Wife desires to become an Attorney where her potential may exceed that of a Social Worker. The Court is aware of the ruling in Poppe v. Poppe, 412 So.2d 38 (Fla. 3rd DCA 1982) that a Wife who is already trained cannot place on a Husband the obligation to train anew or in a new field. However, in that case the Court's findings were based in part on the fact that the Wife was in a financial position equal to that of her Husband and the Husband therein had the additional burden of college expenses along with custody of a minor child. Herein, there are no children, minor or otherwise, and the Husband's income would far exceed the Wife's as a Social Worker. The Court feels that the Wife is entitled to reasonable rehabilitative alimony for a reasonable period of time in order to enable her to have the same opportunity as the Husband (the Wife did work to help support the Husband, along with the Husband's parents, while he was attending Law School).
IV. Attorney's Fees

The Court is aware of the relative liquidity of the parties, as well as the *1389 available sources for funds in order to seek and obtain competent counsel. It is the obligation of the Court to equalize the ability of the various parties to obtain counsel. Based on the evidence before the Court, the Court finds that the Wife is entitled to Attorney's fees.
The amount of such Attorney's fees will be determined at a subsequent hearing based upon all of the labor that went into this case, but bearing in mind the requirements of reasonableness and the other factors set forth both in the applicable case law and the Code of Professional Responsibility.
It is therefore ORDERED AND ADJUDGED as follows:
I. There are no special equities to which the Wife is entitled.
II. The Husband shall convey to the Wife his interest in the marital abode and all contents thereof.
III. The Wife shall simultaneously convey all her right, title and interest in and to all remaining real and personal properties including any boat, M.G. automobile, I.R.A. account, etc.
IV. The Husband shall pay to the Wife, as and for rehabilitative alimony, the sum of $3,500.00 a month until she completes Law School or for a period of three years from the date hereof, whichever shall first occur. Said sum includes a consideration of tuition, books, etc.
V. The Court reserves jurisdiction for the sole purposes of determining suitable Attorney's fees and costs as well as for the enforcement or termination of Paragraph IV above.
We have carefully considered the numerous points raised by the Wife on appeal and have concluded that no reversible error has been demonstrated. Therefore, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] The "vehicle" which the trial court apparently intended and which it in fact employed to achieve an equitable distribution of assets was the cross-award of jointly held marital property. See Tronconi v. Tronconi, 466 So.2d at 205.