PER CURIAM.
Because the husband failed to request an award of special equity, Gleason v. Gleason, 453 So.2d 941 (Fla. 4th DCA 1984); Stetson v. Stetson, 356 So.2d 53 (Fla. 4th DCA 1978); see Hernandez v. Hernandez, 444 So.2d 35 (Fla. 3d DCA 1983), review denied, 451 So.2d 848 (Fla.1984), and failed to prove his entitlement to a special equity, see Vandegrift v. Vandegrift, 477 So.2d 638 (Fla. 5th DCA 1985); Gregg v. Gregg, 474 So.2d 262 (Fla. 3d DCA 1985); Smith v. Smith, 428 So.2d 276, 279 (Fla. 1st DCA 1982) (on rehearing), we reverse that portion of the Final Judgment of Dissolution of Marriage granting the husband a special equity in various assets. Our disposition of this issue makes it unnecessary to reach the remaining issues raised by appellant.
Affirmed in part and reversed in part.