557 So.2d 625 (1990)
George Thomas KELLY, Appellant,
v.
Nancy Lynn KELLY, Appellee.
No. 88-2686.
District Court of Appeal of Florida, Fourth District.
February 21, 1990.
Rehearing Denied March 30, 1990.
*626 Jane Kreusler-Walsh and Larry Klein of Klein, Beranek & Walsh, P.A., West Palm Beach, for appellant.
Neil B. Jagolinzer of Christiansen, Jacknin & Tuthill, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a final judgment of dissolution of marriage in which the erstwhile husband assigns as error the distribution of the marital estate, the award of permanent alimony to the wife, as well as the allowance of attorney's fees for her.
The parties were married for approximately twelve years and they had two minor children at the time of the dissolution. The wife was thirty-eight years of age and the husband forth-three and both are in good health. The wife has a degree in psychology and the husband holds a law degree. She was employed as a social worker prior to marriage but ceased working outside the home after the birth of their first child, except for part-time teaching of aerobics. Nevertheless, she did assist her husband in his construction and contracting work by decorating various houses he built for resale. Since the dissolution, the wife has been an aerobics instructor at PGA National twenty-five to thirty hours per week, earning approximately $1,100 per month. The husband is actively engaged in the general contracting business building custom residential homes and commercial buildings.
The husband testified that he received a salary of $12,000 per month from his contracting company. The wife's expert testified his income for the past three years was $215,000 net which did not include distributions from various partnerships he was involved in which entities returned tax free $81,000 in 1987 and $135,000 in 1986. The husband estimated his net worth at $1,000,000 while the wife's accountant put the figure at $3,000,000. The monthly expenses of the wife were set at between $7,800 and $11,000 per month while the husband's exhibit set forth $11,500 for his expenses. The record seems clear that the parties enjoyed a rather lavish lifestyle during the latter part of the marriage, living in large, expensive homes and traveling extensively.
There is a great disparity in the various property evaluations submitted by the parties. For example, according to the wife, the husband's construction company was *627 worth $430,000, a figure which the husband regularly used on financial statements in his business affairs. Predictably, the husband's evidence is that those valuations were "optimistic," and in fact the correct valuation is either a negative one or one of nominal value. The wife valued the Davit Road property at $560,000 while the husband assessed the value at $255,000. She said in the distribution he received cash of $88,000 and he said it was only $50,000. Her expert valued the real estate partnerships at $2,340,000 while his valuation is $700,000. And so it goes.
On appeal, the husband contends the cause should be reversed and remanded with directions for the trial court to make findings of fact regarding the valuations he placed on different properties. While we agree it would facilitate appellate review for trial judges to make specific findings in equitable distribution cases, there is presently no mandate that they must do so in all cases.[1] Thus, we are left to consider the evidence under usual rules. Where, as here, there is substantial competent evidence to support the trial judge's conclusion, we are not free to gainsay those determinations.
It is apparent that the trial judge probably used the date of trial as the focal date for determining marital assets and their valuations. This is a matter within his judicial discretion, Perlmutter v. Perlmutter, 523 So.2d 594 (Fla. 4th DCA 1987), as the case was tried prior to the effective date of section 61.075, Florida Statutes (Supp. 1988) which became effective October 1, 1988. Some support for choosing that date is found in the fact that the husband had sole control over virtually all of the parties' assets during the time between the separation and the trial of the cause.
The husband next suggests that if the court should affirm the equitable distribution then, in all events, the award of permanent alimony constitutes an abuse of discretion and must be reversed.
The record reflects that the wife leaves the marriage with one million dollars or more in assets much of which is quite liquid. In addition to the substantial income those assets could produce, the wife earns approximately $13,000 per year and receives child support of $1,500 per month. These income accumulations would appear to cover the wife's monthly necessities described in the evidence. However, there is a sharp disparity between the husband's ability to produce income and that of the wife, a factor often used by the various courts to justify permanent alimony. See, e.g., Tate v. Tate, 432 So.2d 601 (Fla. 4th DCA 1983). In addition, the lifestyle of the parties was clearly lavish and continues to be so as evidenced by the husband's purchase of a Porsche automobile costing some $57,000. Furthermore, in Angelides v. Angelides, 466 So.2d 1198 (Fla. 3d DCA 1985), the court held an award of permanent alimony was appropriate even though distribution of the marital assets enabled the wife to maintain herself in a style to which she had become accustomed. Thus, we are unable to say that reasonable men could not differ on the allowances made here. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The husband's final complaint is directed to the assessment of the wife's attorney's fees against the husband in the amount of $75,000. In addition, the costs were assessed against the husband in the amount of $26,420 but no attack has been made regarding the costs. The argument advanced by the husband is that considering the division of the property and the award of alimony and child support, the wife is as able to pay her attorney's fees as is the husband. We think there is merit to that argument and on remand direct the trial court to require the wife to pay all or a substantial portion of her attorney's fees.
*628 Finally, we reverse the fee award for failure of the trial court to follow the mandate of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), in that the judgment fixing the attorney's fees does not set forth specific findings as to the hourly rate, number of hours reasonably expended and the appropriateness of the application of reduction or enhancement factors. Lanham v. Lanham, 528 So.2d 80 (Fla. 2d DCA 1988); Pollack v. Pollack, 517 So.2d 707 (Fla. 4th DCA 1987).
Accordingly, the judgment appealed from is affirmed in all respects except as to the allowance of attorney's fees and remanded for further proceedings consistent herewith.
DOWNEY and WALDEN, JJ., and McNULTY, JOSEPH P., Associate Judge, concur.
NOTES
[1] The First and Second Districts have mandated specific findings of fact regarding the value of property involved in an equitable distribution in Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987) and Clemson v. Clemson, 546 So.2d 75 (Fla. 2d DCA 1989), whereas the Third and Fourth Districts have declined as yet to adopt a hard and fast rule. Zalis v. Zalis, 498 So.2d 505 (Fla. 3d DCA 1986); Danoff v. Danoff, 501 So.2d 1361 (Fla. 4th DCA 1987).