PER CURIAM.
This is an appeal by the former husband Manuel R. Mayor from a final judgment of marriage dissolution entered below after a non-jury trial. The former husband attacks the trial court awards of rehabilitative alimony, child support, the marital home as lump sum alimony, and attorney’s fees and costs as constituting an abuse of discretion. We disagree and affirm.
Contrary to the former husband’s arguments, we conclude that there is sufficient evidence in this record to support the conclusion that the former husband has the financial ability to pay the alimony, child support, attorney’s fees, and costs awarded by the trial court. The former husband is a medical doctor who has just finished his *1045 residency in internal medicine; he filed a financial affidavit stating that his annual income is approximately $60,000 a year. Although he is committed to a future fellowship in cardiology, the record demonstrates that his annual income (including his “moonlighting” work) would be only slightly reduced during the fellowship period, and that he can afford the aforesaid awards during the said fellowship period. Beyond that, we conclude that there was otherwise an ample basis in this record for making the awards; moreover, there was no abuse of discretion in awarding the former wife the marital home which has but approximately $8,000 of equity therein. The former wife earns half of the income the former husband does and is in need of further education to improve her income potential; rehabilitative alimony was entirely proper in this case. We have not overlooked the former husband’s sundry arguments attacking each of the above awards, but are not persuaded thereby. See, e.g., Canakaris v. Canakaris,. 382 So.2d 1197 (Fla.1980); Martinez-Cid v. Martinez-Cid, 559 So.2d 1177 (Fla. 3d DCA 1990); Robertson v. Robertson, 473 So.2d 24 (Fla. 4th DCA 1985); §§ 61.08 and 61.16, Fla.Stat. (1989).
Affirmed.