PER CURIAM.
The husband appeals and the wife cross-appeals a final judgment of dissolution of marriage. We affirm the final judgment, but reverse the attorney’s fee award.
First, we address the trial court’s lump sum alimony award to the wife. The husband characterizes the award as an equitable distribution of his medical degree based on his future earnings. Hernandez v. Hernandez, 444 So.2d 35 (Fla. 3d DCA 1983), review denied, 451 So.2d 848 (Fla. 1984); Hughes v. Hughes, 438 So.2d 146 (Fla. 3d DCA 1983). We disagree. In Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), the court recognized that the trial court may premise a lump sum alimony award on property distribution or on traditional alimony principles. Diffenderfer v. Diffenderfer, 491 So.2d 265, 267 (Fla. 1986). In the case before us, the award was apparently intended as a permanent alimony award based on traditional alimony principles.[1] Permanent alimony may be awarded in lump sum or in installments. § 61.08(1), Fla.Stat. (1989); see Canakaris, 382 So.2d at 1201. In making the award, the trial court properly considered the factors set forth in section 61.08(1), the wife’s demonstrated need and the husband’s present ability to pay. See Canakaris, 382 So.2d at 1201; Maddux v. Maddux, 495 So.2d 863 (Fla. 4th DCA 1986). Accordingly, we hold that the trial court did not abuse its discretion in granting alimony to the wife.
Second, we consider the court’s reservation of jurisdiction to award rehabilitative alimony. See Barko v. Barko, 557 So.2d 932 (Fla. 5th DCA 1990). Under the facts of the case before us, the trial court may make a determination that the “[wjife is entitled to reasonable rehabilitative alimony ... to enable her to have the same [educational] opportunity as the [h]us-band.” Blumberg v. Blumberg, 498 So.2d 1387, 1388 (Fla. 3d DCA 1986), review denied, 508 So.2d 13 (Fla.1987); Mayor v. Mayor, 570 So.2d 1044 (Fla. 3d DCA 1990). *33 We therefore find no abuse of discretion in the trial court’s reservation of jurisdiction to award rehabilitative alimony.
Finally, we reverse the attorney’s fee award; the trial court erred in failing to conduct a hearing and to make the requisite findings. Martin v. Martin, 561 So.2d 1266 (Fla. 3d DCA 1990).
The remaining point lacks merit.
Affirmed in part; reversed in part.

. The trial court’s characterization of the award is not dispositive on issue of the wife’s entitlement. Cruz v. Cruz, 574 So.2d 1117, 1118 (Fla. 3d DCA 1990) ("[Fjinal judgment contains an award of lump sum alimony payable in installments.... This award was evidently intended to constitute a rehabilitative alimony award.”); Muller v. Muller, 550 So.2d 1154, 1155 (Fla. 3d DCA 1989) (“Although the final judgment stated the award of the husband’s interest in the home was given pursuant to an equitable distribution, it is apparent from the record that the award was intended as lump sum alimony.’’)