# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-786
Lower Tribunal No. 13-20251
_____


**Charles Viscito,**

Appellant/Cross-Appellee,

vs.

**Barbara Viscito,**

Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig and Barbara Areces, Judges.

Crabtree & Auslander and John G. Crabtree, Charles M. Auslander, George R. Baise, Jr. and Brian C. Tackenberg, for appellant/cross-appellee.

Richard A. Schurr; Christy L. Hertz and Katie Gill, for appellee/cross-appellant.


Before SUAREZ, C.J., and LAGOA and SALTER, JJ.

SALTER, J.

Charles Viscito ("Former Husband") appeals two aspects of an amended final judgment of dissolution of his marriage to Barbara Viscito ("Former Wife"). The Former Wife cross-appeals certain determinations within the amended final judgment as well. Finding no error, we affirm the trial court's amended final judgment.

Issues

The Former Husband argues that the trial court's computation of his share of passive appreciation in a Key Biscayne condominium was inequitable. On cross-appeal, the Former Wife argued that the trial court's award of any such passive appreciation was erroneous because an incorrect valuation date was used for the condominium. This argument, however, was withdrawn by the Former Wife before the case was heard at oral argument. The Former Wife's second argument on cross-appeal addresses the Former Husband's claim asserted here, but not below, for some form of alimony other than permanent periodic alimony.

Analysis

The facts controlling the allocation of passive appreciation in the Key Biscayne condominium, which served as the marital residence during the marriage, were not in dispute. The Former Wife and her sister purchased the condominium four years before the Former Wife married. The Former Husband and Former Wife bought the Former Wife's sister's 50% ownership interest six years into the

marriage. The condominium was titled exclusively in the name of the Former Wife. The condominium was refinanced twice during the marriage, in part because the Former Husband had a secret gambling problem and his business failed. These problems culminated in a Chapter 13 bankruptcy proceeding during the marriage.

The trial court found, based on competent and largely undisputed evidence, that the fair market value of the condominium at the date of marriage was $255,000.00, at which time the mortgage balance was $133,000.00. At the time of trial, the fair market value of the condominium was $690,000.00, and the mortgage balance was $224,448.00. However, only 50% of the passive appreciation during the marriage was allocable to marital property; the other half-interest was non-marital property. The court found that marital funds were used to pay the monthly mortgage obligation during the marriage.

The trial court computed the passive appreciation as specified in Kaaa v. Kaaa, 58 So. 3d 870 (Fla. 2010), and section 61.075(6)(a)(1.b), Florida Statutes (2015). The loan-to-value ratio computed at the time of the marriage (.522 in this case) was multiplied by the current fair market value ($690,000.00), yielding the amount of $360,180.00. The current mortgage amount, $224,448, was subtracted from that amount, yielding a total passive appreciation figure of $135,732.00.

Because only one-half of the condominium was marital property, the Former Husband's award of passive appreciation was half of the total, or $67,866.00.

We reject the Former Husband's argument that he should be awarded the higher figure of $152,753.04, based on a computation allowing him one-half of all appreciation on the Former Wife's 50% interest in the condominium ($116,388.00), plus an additional $27,477.04 as his share of passive appreciation on the Former Wife's half of that 50% interest, plus another $8,888.00 in mortgage payments from marital funds that allegedly reduced the mortgage debt on the non-marital interest in the condominium. That computation does not follow the algorithm detailed in Kaaa, which adjusts the allocation by accounting for the loan-to-value ratio of the property at the time of the marriage, reducing the total appreciation accordingly, and the trial court did not find support for the mortgage payments claimed to have benefitted the non-marital property.

The Former Husband's second issue is directed to the denial of his request for permanent periodic alimony. He argues that the marriage of 21 years, his unemployment since 2001 (and status as a stay-at-home father for 12 years of the marriage), and the Former Wife's income required such an award or some other form of alimony. The trial court did not abuse its discretion on this point, however, as there was competent evidence that (a) the Former Husband was employable but voluntarily remained unemployed, and (b) the Former Husband's

4

gambling debts and misapplications of marital funds adversely affected the family's financial position and lifestyle. See section 61.08(2), Florida Statutes (2015).

On cross-appeal, the Former Wife also argues that the Former Husband is confined by his pleadings to a claim for permanent periodic alimony, i.e., that he may not now claim some other form of alimony as specific relief that was not prayed for in any of his pleadings or by amendment at trial. Hernandez v. Hernandez, 444 So. 2d 35 (Fla. 3d DCA 1983). The Former Wife's position is well taken on this point as well.

The Amended Final Judgment of Dissolution of Marriage is affirmed in all respects.