172 So.2d 633 (1965)
J.C. DAWKINS, Appellant,
v.
Mary Esther DAWKINS, Appellee.
No. 4129.
District Court of Appeal of Florida. Second District.
February 24, 1965.
Rehearing Denied March 22, 1965.
*634 Buckley & Bland, Fort Lauderdale, for appellant.
No appearance for appellee.
PER CURIAM.
The appellant, husband-defendant below, appeals a decree of divorce which incorporated therein all the provisions of a separation and property settlement agreement between the parties except a part in which the wife waived alimony. The court found that under the circumstances the rejected part of the agreement was "unfair and over-reaching," refused to preclude alimony and retained jurisdiction on that question.
We reject appellant's contention that the chancellor was bound to accept the separation agreement in its entirety and we affirm.
Fla. Stat. § 65.08, F.S.A., vests in the chancellor the sole discretion to settle questions relative to alimony and the parties may not by contract divest him of this discretion. Although fair and equitable agreements which are not violative of public policy may be incorporated into a divorce decree, there is no statute or rule of law which says they must be.
In ruling on this point the District Court in Florida National Bank & Trust Co. at Miami v. United States, D.C.S.D. 1960, 182 F. Supp. 76, said that under Fla. Stat. § 65.08, F.S.A., and the decisions in Florida:
"[The] judge in divorce [case] is given full power at the time he enters initial divorce decree to fix rights of parties, court has right to approve of a prior separation agreement or modify or disapprove of it in its entirety and once it is approved, it becomes the order of the court and decree becomes basis for settlement."
This discretion of the chancellor in making an alimony award in the initial decree under Fla. Stat. § 65.08, F.S.A., should not be confused with the power of the court to modify a divorce decree which incorporated such an agreement under Fla. Stat. § 65.15, F.S.A.
Affirmed.
SMITH, C.J., ALLEN, J., and HENSLEY, ROBERT E., Associate Judge, concur.