PEARSON, Judge.
The controlling question on this appeal is whether a trial judge may, in a divorce proceeding, enforce an agreement between husband and wife as to a division of their property, and at the same time grant alimony where the agreement contains a paragraph purporting to be a waiver of'that right.
Th.e appellant and the appellee were married in 1946. In 1965 they entered into an agreement entitled “Separate Property Agreement.” The last paragraph of the agreement contains the provision which is the basis for this appeal.
“The Wife accepts the provisions herein made for her in lieu of and in full settlement and satisfaction of any and all claims whatsoever against the Husband for support, maintenance, alimony and attorney’s fees and in' full settlement and . satisfaction of any and all other claims and rights in property owned by Husband, including claims for inchoate- rights of dower in any property which the Husband owns or might hereafter acquire”
The agreement was complied with,, in part, by the husband prior to his wife’s action for divorce some three months later. No reference to the agreement was made in the wife’s complaint for divorce. The appellant, as a part of his initial pleading, moved to strike all matters pertaining to property from the complaint upon the ground that they were precluded by the agreement. He attached a copy of the agreement to his motion. The court denied the motion to strike; allowed temporary attorneys’ fees, and proceeded to trial on the issues raised by the complaint and answer. • •
During the trial of the cause, testimony was taken as to the purpose of the agreement and as to the circumstances of its execution. We consider that the issue as to the enforceability of the agreement was before the court pursuant to Rule 1.15(b) Florida Rules of Civil Procedure 1965, now Rule 1.190(b), 1967 Revision, 30 F.S.A.
There is no testimony that the agreement was fraudulently procured, although the record does reveal that the instrument was drawn by appellant-husband’s attorney, and that the appellee wife was not represented by an attorney. At the conclusion of the trial, the trial judge found as to the agreement as follows:
“5. That the division of real and personal property as set forth in that certain agreement styled ‘Separate Property Agreement’ dated March 9, 1965, shall be complied with by the parties hereto; however, -it is the- finding of this Court that this Court is not bound by any ref- ' erence therein as regards the plaintiff’s petition for permanent alimony and permanent suit money, it being the further . finding of this Court thát the above agreement constitutes no more and no less than as titled to-wit: ‘Separate Property Agreement’, and this Court finds that there is no consideration whatsoever for the phrase contained and made reference to for the first time in the last paragraph regarding support, maintenance, alimony and attorneys’ fees, and the agreement .is completely silent as regards the care, custody and control of the minor child, and to interpret the agree *355 ment as urged by the defendant, this Court finds that the agreement would then be unconscionable therefore, the plaintiff’s prayer for permanent alimony be and the same is hereby granted, and the defendant, Charles Gelfo, be and he is hereby directed to pay to the plaintiff, Dorothy Gelfo, the sum of One Hundred Dollars ($100.00) on the first day of June, 1966, and thereafter to pay an additional sum of One Hundred Dollars ($100.00) per month on. the first day of each and every month thereafter as permanent alimony, and further, such alimony obligations will cease upon the plaintiff’s remarriage or decease.”
On this appeal appellant urges first that the evidence is insufficient to show that the agreement as to alimony was unconscionable or that the paragraph was without consideration. Secondly, it is urged that if the agreement is not to be enforced in its entirety, the law requires that it be rescinded in its entirety, and the wife be required to return all of the benefits that she received under the agreement. We do not find error demonstrated under either point and affirm the decree of the chancellor.
The chancellor’s determination that paragraph 14 was unconscionable, is supported both by the title of the agreement and the testimony of the plaintiff-wife as to the circumstances surrounding the making of the agreement. The chancellor took into consideration the fact that both parties worked during the entire marriage, and that both had contributed to the purchase and maintenance of the property involved. It was the chancellor’s opinion that there was consideration for that part of the agreement which disposed of the property obtained during the marriage. He was unable to find any consideration for the reference made to alimony at the tail end of the agreement.
It has previously been held that when in a divorce proceeding the chancellor finds a provision in a settlement agreement for the support of the wife to be unconscionable under the circumstances of the case, then he may reject that provision. Dawkins v. Dawkins, Fla.App.1965, 172 So. 2d 633. The holding of the District Court of Appeal, Second District, is unequivocal:
“We reject appellant’s contention that the chancellor was bound to accept the separation agreement in its entirety and we affirm.
“Fla.Stat. § 65.08, F.S.A-.-, vests in the chancellor the sole discretion to settle questions relative to alimony and the parties may not by contract divest him of this discretion. Although fair and equitable agreements which are not violative of public policy may be incorporated into a divorce decree, there is no statute or rule of law which says they must be.”
This holding was without doubt the basis for the trial judge’s conclusion that he had the right to proceed as he did in entering his decree.
It is true that the conclusion reached in the Dawkins’ case and in this case may be difficult to reconcile with statements in other cases to the effect that a property settlement agreement has the same validity as any other agreement between competent parties. See Miller v. Miller, 1942, 149 Fla. 722, 7 So.2d 9; Bare v. Bare, Fla.App.1960, 120 So.2d 186; D’Amato v. D’Amato, Fla.App.1965, 176 So.2d 907, Pemelman v. Pemelman, Fla.App.1966, 186 So.2d 552. Nevertheless, we believe that the holdings in the cited cases do not preclude a finding by a chancellor that a provision as to the alimony and support is unconscionable when the record demonstrates support for this finding.
Having determined that the chancellor had the jurisdiction and power to disregard the waiver of alimony, we further hold that he had the right to enforce the property settlement provisions of the agreement between the parties without the necessity of setting aside the entire agreement and reaching his own determination of a *356 proper division of the properties held by the parties.
Affirmed.