280 So.2d 488 (1973)
Frances A. RISTEEN, Appellant,
v.
Donald E. RISTEEN, Appellee.
No. 72-1416.
District Court of Appeal of Florida, Third District.
July 24, 1973.
Blackwell, Walker, Gray & Powers, Miami, and Mark Hicks, Coral Gables, for appellant.
High, Stack, Davis & Lazenby, and Norman S. Segall, Miami, for appellee.
Before CHARLES CARROLL and HAVERFIELD, JJ., and SPECTOR, SAM, Associate Judge.
PER CURIAM.
Appellant seeks review of a final judgment in a dissolution of marriage action. The only portion of the final judgment which is challenged is that dealing with alimony.
Following their separation, the parties entered into a property settlement agreement whereby appellee agreed to pay appellant $725.00 per month support for her and their two minor children. The agreement also contained provisions relative to division of marital property which is not involved in this action. At the time, appellee was earning about $1,100.00 per month.
Some two years later, appellee instituted this action. The trial court entered its judgment dissolving the marriage. The separation agreement was adopted except as to the support provision. The judgment followed the agreement to the extent of the awarding the appellant $725 for six months, $525 of which was alimony and *489 $200 child support. For the second six months the judgment provided for payment of $550 per month, $350 being for alimony and $200 for child support, and provided for payment thereafter of $400 per month, being $200 for alimony and $200 for child support. Those provisions for payment of periodic amounts which were less than previously agreed upon by the parties were made notwithstanding a showing in evidence that the appellee's income had increased to $1,800 per month.
Appellant contends that the trial court erred in failing to adopt and incorporate the entire separation agreement, including periodic alimony payment provision, into the final judgment. Appellee contends, however, that the trial court is not bound by alimony provisions of a separation agreement and that the court is empowered to modify such provisions as the equities and the law of the case may require. We agree with appellee and affirm.
It seems quite clear that the trial court is not bound by alimony provisions in separation agreements entered into by husband and wife. As held by our sister court in Spencer v. Spencer, Fla.App., 242 So.2d 786, 788:
"There is also ample case authority to support the theory that the trial court, in the exercise of its discretion, is not bound by the provisions of a written agreement of the parties relative to alimony, and is not bound to accept the agreement in its entirety, but that the court may accept a portion of such agreement and reject a portion of it. Dawkins v. Dawkins, Fla.App. 1965, 172 So.2d 633; ..."
In the case at bar, it is obvious that the trial court invoked in part the recently enacted provisions of Section 61.08, Florida Statutes, F.S.A., which permit award of rehabilitative alimony which is court approved in Melin v. Melin, Fla.App., 265 So.2d 414.
The issue raised by appellant concerns primarily the correctness of the trial court's rejection of the alimony provision found in the separation agreement of the parties. That question has been resolved against appellant on the authority cited above. However, no issue seems to have been raised concerning the sufficiency of the sum for child support awarded by the trial court. Accordingly, we wish to make it clear that our affirmance of the alimony award herein is without prejudice to appellant's right to seek revision of the child support award if the same should be deemed inadequate to meet the needs of the children.
Affirmed.