291 So.2d 95 (1974)
M. Faye HARRIS, Appellant,
v.
James D. HARRIS, Appellee.
No. S-443.
District Court of Appeal of Florida, First District.
February 19, 1974.
Selig I. Goldin of Goldin & Turner, Gainesville, for appellant.
Lawrence A. Freeman, Miami, for appellee.
SPECTOR, Judge.
Appellant and appellee were married in 1962 and when they separated in 1970, they entered into a property settlement agreement. Pursuant to the agreement, appellant was to retain certain real and personal property and appellee was to pay appellant $400 per month alimony and $500 per month child support for the parties one minor child. In 1972, appellee instituted this present action for dissolution of marriage and appellant filed her answer in which she petitioned the court to ratify and adopt the property settlement agreement. Appellee then filed his motion to modify the agreement because of a change in financial circumstances. Appellee stated that at the time he executed the agreement, his salary was $27,219.00 per year ($20,000 of which was tax exempt because he was employed outside the United States). At the time of dissolution, appellee had been transferred back to the United States and was earning $18,720.00 per year. The lower court ratified the agreement except as to alimony and child support. As to the latter, the court ordered appellee to pay $300.00 per month rehabilitative alimony for 26 months and child support in the amount of $300.00 per month.
The first question presented for our consideration is whether the lower *96 court erred in rejecting the alimony and child support provisions of the property settlement agreement entered into by appellant and appellee. This issue has been resolved adverse to appellant in several cases decided both before and after the new "no fault" divorce statute. In Spencer v. Spencer, 242 So.2d 786 (Fla.App. 1970), the Fourth District Court of Appeal stated:
"There is ample case authority to support the theory that the trial court in the exercise of its discretion, is not bound by the provisions of a written agreement of the parties relative to alimony, and is not bound to accept the agreement in its entirety, but the court may accept a portion of such agreement and reject a portion of it. Dawkins v. Dawkins, 172 So.2d 633 (Fla.App. 1965); Gelfo v. Gelfo, 198 So.2d 353 (Fla.App. 1967)."
Also, in Risteen v. Risteen, 280 So.2d 488, 489 (Fla.App. 1973), the court, relying on Spencer, stated that it is quite clear that the trial court is not bound by alimony provisions in separation agreements entered into by husband and wife.
The second issue presented by appellant was whether the lower court erred in requiring her to pay one-half of her own attorney's fees. In support of her contention that it was error to require her to pay any portion of her attorney's fees, appellant relies on a clause in the property settlement agreement which provides that in any divorce brought by the wife, the husband shall be responsible for all attorney's fees. Inasmuch as this action was not instituted by the wife, this provision of the agreement is inoperable and under § 61.16, Florida Statutes, F.S.A., the award of attorney's fees is within the sound discretion of the trial court. The appellant has failed to show any abuse of this discretion so as to require reversal.
Affirmed.
JOHNSON, J., and WIGGINTON, JOHN T., Associate Judge, concur.