PER CURIAM.
The final judgment of marriage dissolution under review is affirmed upon a holding that: (a) the trial court on this record properly exercised its discretion in taking testimony on, and thereafter declining to approve a prior property settlement agreement between the parties, Harris v. Harris, 291 So.2d 95 (Fla.1st DCA 1974); Risteen v. Risteen, 280 So.2d 488 (Fla.3d DCA 1973); (b) the wife acquiesced in, and did not object to the court’s ruling on the taking of oral depositions[1] and, accordingly did not properly preserve such ruling for appellate review, Karl v. David Ritter Sportsservice, Inc., 164 So.2d 23 (Fla.3d DCA 1964); and (c) the awards to the wife and children were well within the trial court’s discretion to enter. Rosenberg v. Rosenberg, 371 So.2d 672 (Fla.1979), adopting 352 So.2d 867 (Fla.3d DCA 1977) (Hubbart, J., dissenting); Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Koeppel v. Koeppel, 351 So.2d 766 (Fla.3d DCA 1977); Pfohl v. Pfohl, 345 So.2d 371 (Fla.3d DCA 1977).

. It is noted that appellate counsel were not trial counsel.