490 So.2d 958 (1986)
Janice Ann CROSS, Appellant,
v.
Warren Austin CROSS, Appellee.
No. BF-378.
District Court of Appeal of Florida, First District.
May 8, 1986.
*959 Gary Benson, Jacksonville, for appellant.
Alan C. Jensen of Flowers, Hould, Jensen & Westling, Jacksonville, for appellee.
JOANOS, Judge.
The wife sought review in this court of a final judgment of dissolution of marriage which incorporated the provisions of a separation agreement, executed by the wife without benefit of counsel. The wife has raised four issues: (1) whether the provisions for the wife and children were fair and reasonable, (2) whether the separation agreement should be invalidated, (3) whether the child support provisions are adequate, and (4) whether the wife should have been awarded attorney's fees and costs. We affirm, in part, but reverse as to the support provisions for the minor children of the parties.
The testimony at the final hearing indicates that the parties did not decide the support provisions set forth in the separation agreement in contemplation of the needs of the children after final dissolution of the marriage. Instead, the parties arrived at the support figure, which later was made binding by the trial court, with reference to maintenance of the husband's residence in the marital residence and with reference to the wife and children's temporary residence with the wife's mother in Missouri.
A separation agreement entered into by competent adults may be invalidated only upon (1) an allegation and proof of fraud, duress, deceit, coercion or overreaching by the proponent of the agreement, or (2) proof that the agreement is unreasonable on its face. Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA 1981). As the husband in this case asserts, the trial court ruled adversely to the wife with regard to this point. While our view of the evidence might differ from the trial judge, we yield to him on the issues pertaining to the wife's rights. The evidence, in a light favorable to the husband, would support a determination that the wife entered into the agreement knowingly and willingly. It was certainly the wife's right to deal with her assets and rights as she chose. However, we disagree that because the wife may have entered into the separation agreement willingly, that the trial judge could merely accept the provisions of that agreement as to the children's rights to support in the face of the evidence before him. The separation agreement provides *960 alimony to the wife in the amount of $200 per month for a period of ten years, and child support of $250 each, for a total of $500 per month, for support of the minor children. The wife is custodial parent. The record indicates that these support figures were based on the amount needed by the wife and children while they were living with the wife's mother. Before incorporating the separation agreement in toto into the final judgment of dissolution, the trial court had the duty to determine the appropriateness of the child support provisions with reference to the living needs of the children in a separate domicile which was the situation at the time of the final hearing. This is particularly true under the circumstances of this case, where the husband's level of business success and earning power is significantly superior to that of the wife.
With regard to the child support provisions contained in the separation agreement, "[t]he law is clear that the parents may not contract away the rights of their child for support." Armour v. Allen, 377 So.2d 798, 799-800 (Fla. 1st DCA 1979). The best interest of the children is the guiding principle in any proceeding to determine child support, and the amount of child support "is subject to the test of reasonableness, a test that requires a determination of whether there is logic and justification for the result." Aycock v. Aycock, 433 So.2d 680, 681 (Fla. 5th DCA 1983). The factors to consider include the income of the non-custodial parent, the needs of the children, their ages, their station in life and the prior standard of living of the parents, relative to the ability of the noncustodial parent to meet those needs. Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982).
The record indicates that the husband's spendable monthly income, excluding management incentive funds and earnings thereon, is in excess of $2700. The wife's spendable monthly income, including child support and alimony, is $1500. The evidence presented was that the husband continues to reside in the 2,000 square foot family residence in Jacksonville, while the wife and children now occupy a two-bedroom apartment approximately one-third the size of their former living quarters.
The settlement agreement provisions as to child support shall be set aside and the trial court shall determine an appropriate amount of child support, with reference to the needs of the children, and the ability of the husband to meet those needs relative to the ability of the wife as custodial parent under the circumstances that now exist.
In regard to the question raised as to the trial judge's denial of costs and attorney's fees to the wife, we affirm. Under the circumstances of this case, that decision was within the discretion of the trial judge.
The final judgment of dissolution of marriage is, therefore affirmed, except for the provisions pertaining to child support, which are hereby reversed, with instructions to the trial court to proceed consistent with this opinion.
ERVIN, J., concurs.
BARFIELD, J., dissents with opinion.
BARFIELD, Judge, dissents:
I dissent. The matters concerning the majority, i.e., monthly expenses for support, available income, relative financial positions of the parties, and circumstances surrounding the making and execution of the contract, were all explored on the record before the trial judge. This court's feeling that the father may be able to pay more child support in view of his income does not equate to an abuse of discretion by the trial judge in approving the terms of the contract. In the language of Judge Ervin in his dissenting opinion in Armour v. Allen, 377 So.2d 798, 801 (Fla. 1st DCA 1979):
The wife has shown no abuse of discretion in the trial judge's findings and none is apparent on the record. Our judgment should not be substituted for that of the trial court on a matter within the trial court's discretion.