GUNTHER, Judge.
Husband appeals a Final Judgment of Dissolution of Marriage contending the trial court erred in sua sponte increasing the amount of his child support obligation which the parties had previously agreed to in their property settlement agreement. We reverse.
At the final hearing, the trial court reviewed the property settlement agreement and sua sponte doubled the child support obligation of the husband. Although the husband received notice of the final hearing, neither the husband nor anyone on his behalf attended the final hearing. The wife, not anticipating the trial court’s action, had advised her husband that it was unnecessary for him to attend the hearing because all matters concerning the dissolution had been resolved and the hearing would be only a formality. In the Final Judgment, the trial court incorporated the property settlement agreement except that the husband was ordered to pay more child support than the agreement set forth.
There is no dispute that a trial judge has a duty to determine the appropriateness of the child support provisions with reference to the financial needs and best interest of a child. Essex v. Ayres, 503 So.2d 1365 (Fla. 3d DCA 1987); Cross v. Cross, 490 So.2d 958 (Fla. 1st DCA 1986).
However, in the instant case, the trial court erred in sua sponte modifying the husband’s child support obligation because the husband should have had an opportunity to be heard before the amount was modified. As a practical matter, when a case is set on an “uncontested calendar” the trial court does not have adequate time to conduct an evidentiary hearing.
Therefore, in an “uncontested” final hearing for dissolution of marriage, if a trial court perceives the need to sua sponte modify the child support obligation of a property settlement agreement, the matter should be continued and reset with notice to all parties.
REVERSED AND REMANDED.
VITALE, LINDA L., Associate Judge, concurs.
DOWNEY, J., concurs specially with opinion.