556 So.2d 537 (1990)
William H. HUFF, Appellant,
v.
Norilyn K. HUFF, Appellee.
No. 87-2905.
District Court of Appeal of Florida, Fourth District.
February 14, 1990.
*538 Sara Blumberg of Dubiner & Blumberg, P.A., Boynton Beach, for appellant.
Darryl P. Figueroa of Renick & Singer, Lake Worth, for appellee.

UPON APPELLEE'S MOTION FOR REHEARING
WALDEN, Judge.
We grant appellee's Motion for Rehearing. We withdraw our opinion which was filed on September 6, 1989, and substitute the following.
A final judgment of dissolution of marriage was entered. The husband appeals. We reverse and remand for further proceedings.
The parties entered into a comprehensive eleven page separation, child custody and property settlement agreement. At final hearing it was received in evidence and approved EXCEPT the provisions for child support.
The parties agreed to $50.00 weekly child support but the court rejected this amount deeming it inadequate under the guidelines amount suggested by section 61.30, Florida Statutes (1987). Pursuant to court direction the wife was to furnish the court with a letter outlining the parties' income and the appropriate proportion of support each parent should be responsible for according to the section 61.30 guidelines. The court further directed that these calculations be submitted to the husband's attorney for approval prior to being submitted to the court. The wife furnished the court with three of the wife's recent pay stubs and two of the husband's pay stubs. While the parties stipulated to the accuracy of the wage statements, the court did not receive any further evidence of either parties' financial condition. The court also did not have any evidence before it which showed the child's expenses or need for support. Without further hearing and based solely on the wife's letter and the pay stubs, the court, over objection, doubled the husband's child support obligation to the sum of $100.00 per week. The husband's "Motion to Vacate, Set Aside Property Settlement Agreement, Stay and Clarify Proceedings" was denied.
It is the husband's position that the trial court erred in unilaterally increasing his child support obligation without making specific findings of fact or receiving additional evidence as to the factors enumerated in section 61.30, Florida Statutes. We agree.
We do not question the trial court's discretion to reject the amount of child support agreed to by the parties. Gubana v. Gubana, 511 So.2d 1066 (Fla. 4th DCA 1987); Cross v. Cross, 490 So.2d 958 (Fla. 1st DCA 1986). However there are two facets of the trial court's method of arriving at the amount of child support and the husband's obligation to pay, which deserve reassessment.
It is fundamental to a determination of child support obligations that the trial *539 court consider evidence of the child's need and the parties' ability to provide support. Guadine v. Guadine, 474 So.2d 1245 (Fla. 4th DCA 1985); Davis v. Davis, 371 So.2d 591 (Fla. 2d DCA 1979).
Without unduly laboring over the matter, we hold that as salutary and helpful as the guidelines in section 61.30, Florida Statutes may be, the trial court should not apply the guideline figures simply, as a matter of mathematics, based solely upon the income of the parties in determining the amount of child support. Instead, there should be a hearing at which time the parties should be heard and given the opportunity to show the needs of the child and their ability to provide for those needs, which ability should be measured by taking into account the parties' whole financial picture, including their assets, liabilities and annual income. Moreover, all other traditional factors should be considered which bear upon the child's welfare, together with the items enumerated in section 61.30(10).
Here, of course, the husband's pay stubs, for wages earned in one week in June 1987 and one week in September 1987, did not provide sufficient information on which to determine what the husband could contribute to the minor child's support.
A second and overriding aspect of the trial court's judgment was the denial of the Husband's Motion to Vacate, Set Aside Property Settlement Agreement, Stay and Clarify Proceedings. In this motion the Husband said, among other things:
The Former Husband fully agrees that this Court has the right and the obligation to determine child support independent of the parties agreement regarding child support, if the Court feels that the amount of child support agreed upon by the parties is insufficient for the support of the minor child. However, the Former Husband believes that if the Court changes the amount of child support to be paid by the Former Husband pursuant to a Property Settlement Agreement, the Former Husband should be allowed to withdraw from the Property Settlement Agreement in its entirety. By unilaterally changing one of the terms of the Property Settlement Agreement, the Court has in effect, changed the contract between the parties and has changed the obligations of the Former Husband without any consideration for the former Husband's ability to make the payments required by the Court and previously agreed upon by the parties.
In our opinion it is the law of this state that when the trial court rejects or amends a financial provision of a settlement agreement, the parties should be allowed to withdraw from that agreement, when a material[1] change is made in the financial picture drawn by the parties.
In Peak v. Peak, 411 So.2d 325, 328 (Fla. 5th DCA 1982) it was held:
We cannot set aside the child support award without also setting aside the provisions of the final judgment dealing with alimony, because they are all interrelated. The trial court should be free to consider all available remedies in order to do equity between the parties.
See also Leonard v. Leonard, 414 So.2d 554 (Fla. 2d DCA 1982), disapproved on other grounds, 466 So.2d 203 (Fla. 1985) (where dispositions and awards in the final judgment are interrelated, the matter should be remanded for reconsideration of all aspects); Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982), disapproved on other grounds, 466 So.2d 203 (Fla. 1985).
Our concern is that, given the facts peculiar to each case, the trial court should resolve the issues in the most equitable *540 fashion. Here, where the provisions of the agreement are interrelated, we deem it inequitable to obligate the husband to a child support payment which may be beyond his means and is obviously substantially more than the amount the parties contemplated at the time of negotiating their financial settlement, without allowing the option of withdrawing from the agreement.
The appellee strongly argues against allowing the parties to renegotiate their entire agreement, based on the trial court's inherent discretion to reject support provisions of settlement agreements. We note that the authorities relied on by the appellee do not involve the issue raised here or otherwise indicate that the trial court's modification of a support provision violated any other aspects of the agreements involved. See, e.g., Spencer v. Spencer, 242 So.2d 786 (Fla. 4th DCA 1970); Harris v. Harris, 291 So.2d 95 (Fla. 1st DCA 1974); Risteen v. Risteen, 280 So.2d 488 (Fla. 3d DCA 1973).
While we do not intend to restrict the trial court's discretion to reject alimony or child support provisions contained in settlement agreements, in the interest of giving effect to amicable and equitable settlements by the parties, we believe they deserve the opportunity to re-evaluate and renegotiate their positions under an agreement when the trial court has rejected a material[2] portion of it.
We note that in the wife's answer brief she asserts that major portions of the agreement have been performed and this is alluded to in her motion for rehearing. There is no transcript or record support for this suggestion and thus we have not assessed it. Upon remand the trial court is empowered, upon proof, to take such matters into consideration in finally adjudicating the financial issues of the parties.
We reverse and remand with instructions to grant the Husband's Motion to Vacate, Set Aside Property Settlement Agreement and to thereafter adjudicate the financial matters such as child support, alimony, property rights, entitlement to fees, costs, etc., upon notice and according to law, as if there had been no agreement between the parties.
REVERSED AND REMANDED WITH INSTRUCTIONS.
STONE, J., concurs.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.
GLICKSTEIN, Judge, concurring in part and dissenting in part.
I disagree with the majority's still too broad pronouncement that parties to a marital settlement agreement should be permitted to reevaluate and renegotiate the terms of their entire agreement if the trial court rejects a child support provision contained therein. This court, in Gubana v. Gubana, 511 So.2d 1066 (Fla. 4th DCA 1987), recognized that a trial court has the duty to determine the appropriateness of a child support provision contained within a parents' property settlement agreement and can adjust the amount of that support on the basis of the child's best interest and financial needs. While I agree that on remand the trial court should conduct an evidentiary hearing to determine whether the father has the financial ability to meet the child's needs, I do not agree that the trial court abused its discretion in not allowing the parties to renegotiate the other provisions of the settlement agreement. Where a trial court has sufficient information, I believe it may determine in its discretion whether a change in a child support provision necessitates any change or renegotiation of the other terms of the agreement. Although appellant has failed to furnish this court with a transcript of the trial court proceedings, he indicates in his reply brief that he wants to be relieved of the financial obligation he voluntarily assumed for payment of his former wife's *541 lease and insurance on a 1986 Ford pickup truck. The parties' property settlement agreement indicates that the former husband's obligation for these lease and insurance payments is of short duration as it terminates during the 1991 calendar year.
The trial court's close scrutiny of the child support provision in the case at hand was proper in light of the unusual character of that provision. In pertinent part, that provision reads as follows:
The husband agrees to pay to the wife as child support, the sum of $50.00 per week commencing on the first Friday of the wife's permanent custody of the minor child. Pursuant to the agreement of the parties, said $50.00 per week sum shall be paid directly by the husband to the wife. However, if in the event that the husband fails to pay two consecutive weekly child support payments, then in that event, the wife upon affidavit may seek an Order of Court compelling the husband to pay said sum to the registry of the Court. It is agreed that so long as the Husband provides boarding for the minor child's horse, said child support payment by the Husband will not be required by the Husband.
I find it disturbing that the parties would bargain away the payment of child support in exchange for the boarding of the minor child's horse. Children's financial security should be paramount. In this context I believe it relevant to note that The Report of the Governor's/Massachusetts Bar Association's Commission on the Unmet Legal Needs of Children states at page 29 its goal of forging a new ethic in law  "one recognizing that the parents' commitment to their children is irrevocable, and that the legal system must make children's needs the primary focus of the law in the context of divorce."
NOTES
[1] Black's Law Dictionary (5th ed. 1979) at 880 defines "material" as:

Important; more or less necessary; having influence or effect; going to the merits; having to do with matter, as distinguished from form. Representation relating to matter which is so substantial and important as to influence party to whom made is "material." Similarly "material fact" for purposes of contract is defined as:
Contracts. One which constitutes substantially the consideration of the contract, or without which it would not have been made.
Black's Law Dictionary (5th ed. 1979) at 881.
[2] Id. By this opinion we do not suggest that an entire agreement is placed in jeopardy by any modification but that where the trial court imposes a unilateral modification, which so distorts the original intention of a party or the entire scheme of a negotiated settlement that to impose it would be unfair and unrealistic, it would be inequitable not to allow the parties to avoid the agreement by withdrawing from the settlement.