HARRIS, Chief Judge.
Laura Jean Doss timely appeals from a final judgment of dissolution of marriage.
The husband’s petition asked the court to approve a child custody agreement executed by both parties and filed with the petition. Under this agreement, the parties stipulated to the following terms:
WHEREAS, unhappy differences have arisen between the parties to this Agreement, as a result of which they are now living separate and apart, and
WHEREAS, Husband and Wife mutually desire by this Agreement to settle all marital rights that the Wife has or may have to support, maintenance, alimony, suit money, dower and other matters by virtue of the marital relationship between Husband and Wife, and further desire to settle all claims by the Husband against the Wife which might be the subject of any suit for support, maintenance, or dissolution of marriage brought by either party against the other, or which the Husband may have against the Estate of the Wife, including, but not limited to the right of dower.
NOW THEREFORE, in consideration of the mutual covenants contained herein, it is mutually agreed between the parties as follows:
* * * * * *
2. PRIMARY RESIDENTIAL PARENT. The Husband shall be designated the “primary residential parent” and the Wife shall be designated the “secondary residential parent.” The secondary residential parent shall have the following liberal and reasonable visitation schedule ... [visitation schedule omitted].
*1298 3. SUPPORT. That the Husband shall be responsible for the maintenance and support of the children.
# ⅜ * * * *
WHEREAS, it is agreed and understood that this Agreement shall be submitted to any Court before whom any dissolution of marriage is instituted by either party to this Agreement, and in the event said Court renders a Final Judgment of Dissolution of Marriage, said Court will approve this Agreement and decree the same to be binding upon the parties thereto and incorporate the terms of this Agreement in any Final Judgment of Dissolution of Marriage entered therein.
The wife filed an answer and waiver in which she requested that the court approve and incorporate by reference the child custody agreement in the final judgment of dissolution. The wife did not attend the final hearing.
At the final hearing, without an amendment to the pleadings and despite the fact that the child custody agreement was incorporated in the final judgment, the court ordered the wife to pay $80.00 per week as child support and entered an income deduction order for that amount. We reverse.
We agree with the wife that the award of child support against her was contrary to the pleadings and the agreement. Although she did not attend the final hearing, she should be able to rely on the pleadings before the court. The court was free to reject the agreement and to require amendments to the pleadings — but not without notice to the wife. See Huff v. Huff, 556 So.2d 537 (Fla. 4th DCA 1990).
The cause is reversed and remanded to the trial court, at which time it may take one of the following actions: The court may enter a judgment consistent with the pleadings and the agreement[1] or, after notice to the wife, may reject the agreement, require modification of the pleadings, and proceed to trial.
REVERSED and REMANDED.
DIAMANTIS, J„ and BROCK, N.D., Associate Judge, concur.

. In permitting the trial court essentially to accept the parties' agreement that the husband will support the children, we note that a modification of child support order may be appropriate after notice if the husband is unable or unwilling to properly provide for the children. A party may not contract away a child’s right to support. Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979). Based on the income of the parents, the child support guideline assures a minimum level of support for the children. If the husband is able to provide that level of support, and agrees to do so as a part of an overall settlement agreement, then as between the parties to such agreement, he is bound to do so. If he fails to provide such support and the wife is called upon to meet her obligation to the children, the husband remains liable to her under his contract. Her remedy in such event might be rescission of the agreement based on failure of consideration or a judgment for damages.