KLEIN, J.
The husband in this dissolution case appeals an order requiring him to pay temporary alimony, child support, and monthly household expenses. He argues that the trial court abused its discretion, because he is unable to pay the total amount out of his income and will have to liquidate assets to do so. We affirm.
The trial court found that the expenses claimed by the wife were not exaggerated, and that she actually may not have been seeking enough. The husband does not challenge her expenses. Nor does he contest the fact that he has sufficient assets (in excess of $1,000,000) to enable him to comply with the temporary order. The wife has no significant assets besides her interest in the marital home. The problem is that the expenses established by the parties during their marriage cannot be reduced, so long as the wife and children are in the marital home.
We have considered the cases cited by appellant in which temporary orders were reversed where the payments either exceeded or consumed nearly all of one spouse’s income, De Luca v. De Luca, 722 So.2d 947 (Fla. 3d DCA 1998); Miller v. Miller, 707 So.2d 419 (Fla. 4th DCA 1998), as well as Decker v. Decker, 660 So.2d 1162 (Fla. 4th DCA 1995); Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990), both of which involved permanent awards.
In fashioning temporary awards, however, trial courts have broad discretion. Pedraja v. Garcia, 667 So.2d 461 (Fla. 4th DCA 1996), and cases cited. Under the circumstances in this case, in which the expenses for the wife and children, so long as they are living in the marital home, are undisputed, and the husband has sufficient assets to make up the short-fall, we find no abuse of discretion in this temporary award. Affirmed.
DELL and SHAHOOD, JJ., concur.