COBB, J.
Reinaldo Pedroza appeals from a non-final order establishing temporary child support. Reinaldo and Ellen Pedroza were married for 8$ years. The couple has two minor children. Reinaldo works overseas for Mobil Oil Corp.
The parties separated in 1995. In September 1996, the parties entered into a separation agreement (labeled a reconciliation agreement). In October 1996, the parties modified the September 1996 agreement to award Ellen $1,000.00 per month in child support. The couple was eventually divorced by court order. The court retained jurisdiction to determine equitable distribution and other issues.
In February 2000, Ellen filed a supplemental petition to set child support. Ellen alleged that Reinaldo earns in excess of $200,000.00 per year and that the “sporadic support the former husband has paid is far less than is necessary and required by Florida Statutes.” An evidentiary hearing was conducted.
Ellen presented an. affidavit reflecting her income as a school teacher. Ellen testified Reinaldo sends her $1,000.00 per month. The couple’s 1997 income tax return listed Reinaldo’s annual income at $280,345.00. Ellen added that Reinaldo receives perks including housing, club fees, a car and gas. Ellen testified she signed the 1996 agreements while the family was in Singapore. According to Ellen, Reinaldo held her passport and luggage as well as those of the children and spent “hours and hours of giving me a very very difficult time in trying to get me to sign these agreements.” Ellen felt she signed the agreements under duress. Reinaldo’s counsel objected to testimony which would relate to setting aside the agreements, explaining an appropriate motion had not been filed.
Marshall Hux, a CPA, testified for Reinaldo. According to Hux, Reinaldo’s 1998 W-2 reflected income of $298,351.00. This included wages of $139,593.00, a home *618 leave (travel) allowance of $13,895.00 and a housing allowance of $45,898.00. The income also reflects $95,000.00 in foreign taxes paid on Reinaldo’s behalf by his employer, of which Reinaldo must reimburse his employer $64,000.00. Hux deducted from the income the allowances and reimbursed expenses received by Reinaldo for housing, travel and taxes, including U.S. taxes of $12,919.00. Hux added in a housing allowance of $700.00 per month if Reinaldo lived in the states and settled on an annual income after taxes of $80,849.00. Reinaldo did not indicate to Hux that he receives a vehicle and gas from his employer. Reinaldo was not present at the hearing.
The court found that the agreements had been entered into under duress and ordered them set aside. The court found that Reinaldo has a net income of $230,000.00 and ordered that child support be calculated based on that figure. The court entered an order establishing temporary child support which provides in relevant part:
4. No evidence was presented by the Former Husband that in any way suggested that he does not continue to earn income consistent with the evidence submitted.
5. The Former Husband presented the testimony of Marshall Hux, a certified public accountant. Mr. Hux opined that Former Husband’s available income was approximately $80,000.00. His calculations subtracted from income various allowances and reimbursed expenses received by the Former Husband for housing, travel and taxes. Mr. Hux did testify that these allowances and compensation did reduce the Former Husband’s living expenses. The Court finds that the allowances and reimbursed expenses are income pursuant to Florida Statute 61.30.
6. After careful review of the evidence presented, this court finds the Former Husband has an available income of $230,000 per year.
7. The Former Wife is employed as a school teacher and has an available income of $1,500 per month.
8. The $1,000 support per month currently paid by the Former Husband is inadequate and falls far below that required by Florida Statute 61.30. Further the Former Husband provides no support beyond that stated and has no contact with the children which would alleviate the Former Wife’s need for support to benefit the children.
9. Former Wife is in need of said support for the benefit of the children pending the Former Husband’s completion of discovery and pending final hearing in this cause.
IQ. Based on the foregoing, the Court finds that the Former Husband’s support obligation shall be set at $2,636.50 per month until final hearing on this cause.
Reinaldo argues that the trial court abused its discretion when it determined, contrary to the unrebutted expert financial testimony, that his income was $130,000 more than the income calculated by the expert. We note, however, that the trial court, as trier of fact, was not obligated to accept the expert testimony, see Easkold v. Rhodes, 614 So.2d 495 (Fla.1993), particularly where, as here, its task was to apply the language in section 61.30, Florida Statutes to the facts before it. See Blum v. Blum, 769 So.2d 1142 (Fla. 4th DCA 2000). A child support determination is within the sound discretion of the trial court, subject to statutory guidelines and a reasonableness test. See Stanton v. Stanton, 648 So.2d 1233 (Fla. 4th DCA 1995). A temporary award in a domestic setting is an area in which the trial court enjoys the greatest discretion. See Peralta v. Peralta, 765 So.2d 894 (Fla. 4th DCA 2000).
Support calculations are predicated on net income. Shrove v. Shrove, 724 So.2d 679 (Fla. 4th DCA 1999). The trial court is required to determine net income based *619 upon section 61.30, Florida Statutes, by determining “gross income” as defined at subsection (2)(a) 1-14 and then subtracting from this figure “allowable deductions” as defined in subsection (3)(a)-(g).[1]
The trial court reduced Reinaldo’s gross income of $298,351.00 to $230,000.00 explaining that the allowances and reimbursed expenses which Hux had reduced from Reinaldo’s gross income are in fact income under section 61.30. The trial court’s conclusion comports with the statutory delineation of allowable deductions. The court essentially allowed a deduction for foreign taxes which Reinaldo was obligated to reimburse his employer ($64,-000.00) and $12,919.00 in United States taxes. These sums would reduce Reinaldo’s $298,351.00 gross income to $221,432.00. The court settled on $230,000.00. The $8,568.00 difference is easily justified by the evidence that Reinaldo received an automobile and gas from his employer which he failed to claim as income.
Reinaldo argues that the trial court should not have considered, over timely objection, evidence whereby Ellen sought to invalidate the separation agreements because of duress. Reinaldo points out that this issue was not properly raised and asserts that he was denied procedural due process when the issue was considered at the hearing without any notice to him.
The issue of setting aside the separation agreements because of duress was not raised in Ellen’s supplemental petition to set child support. While Reinaldo had notice that Ellen was seeking child support in excess of that provided for in the October 1996 separation agreement, he had no notice that Ellen sought to set aside the agreements in toto as being the product of duress. By setting aside the agreements because of duress, the court has invalidated the agreements in their entirety despite the fact that the issue was not raised in the pleadings.
 This is not to say that the trial court was precluded from setting a higher amount of child support than the amount contained in the October 1996 agreement. A trial court has broad authority to reject the amount of child support agreed to by the parties by way of a separation agreement. See Huff v. Huff, 556 So.2d 537 (Fla. 4th DCA 1990), superseded by statute on other grounds as stated in Boyt v. Romanow, 664 So.2d 995 (Fla. 2d DCA 1995); Gubana v. Gubana, 511 So.2d 1066 (Fla. 4th DCA 1987); Cross v. Cross, 490 So.2d 958 (Fla. 1st DCA 1986). The basis for this rule is not that the separation agreement may have been the product of fraud or duress but rather that parents cannot contract away the rights of the child for proper support. Cross, 490 So.2d at 960. The trial court ultimately has the duty to determine the appropriateness of child support based upon the best interest of the child. Id. The trial court therefore had the authority, as well as the obligation, to consider the appropriate level of child support irrespective of the provisions contained in the separation agreement and without the necessity of reaching the issue of duress.
It may be that as a result of invalidation of the child support provision, the parties should be permitted to withdraw from the separation agreements given the court’s material change thereto. See Huff. However, this depends upon numerous factors *620 which are not shown by the record, including whether major portions of the agreements have already been performed by the parties. Huff. This matter can be considered upon remand. For now, the trial court did not err in setting Reinaldo’s temporary child support obligation at $2,636.50 per month. The portion of the order invalidating the separation agreements due to duress, however, is stricken.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
GRIFFIN and ORFINGER, R.B., JJ., concur.

. Allowable deductions consist of the following:
(a) Federal, state, and local income tax deductions, adjusted for actual filing status and allowable dependents and income tax liabilities.
(b) Federal insurance contributions or self-employment tax.
(c) Mandatory union dues.
(d) Mandatory retirement payments.
(e) Health insurance payments, excluding payments for coverage of the minor child.
(0 Court-ordered support for other children which is actually paid.
(g) Spousal support paid pursuant to a court order from a previous marriage or the marriage before the court.