MORRIS, Judge.
Rhonda D. Webber, the former wife, appeals a postdissolution order regarding modification of child custody, child support, and alimony. We affirm all but one of the issues without comment. However, the trial court erred by imposing a retroactive child support obligation on the former wife dating back to January 2007, and we must therefore reverse on that issue.
The former husband, William A. Webber, did not file his petition for modification of child support until May 25, 2007. Although it is undisputed that the parties’ then-minor daughter moved in with the former husband in January 2007, it is the date of the filing of the former husband’s petition that determines when the retroactive child support obligation began. Both the relevant statute and case law provide that a retroactive child support obligation may not be imposed prior to the filing of a petition seeking a modification. See § 61.14(l)(a), Fla. Stat. (2006) (providing that court may modify support order “retroactively to the date of the filing of the action or supplemental action for modification as equity requires”); Musser v. Watkins, 752 So.2d 141, 143 (Fla. 2d DCA 2000) (“Absent the filing of a petition for modification, [the amount of child support] remain[s] fixed by [the] judgment [of dissolution] and cannot be modified prior to the time a proper petition for modification was filed.”); Torres v. Torres, 739 So.2d 599, 600 (Fla. 2d DCA 1997) (“It is settled that a trial court cannot modify a child support obligation absent a pleading or motion requesting such modification.”).
Accordingly, the trial court abused its discretion by imposing a retroactive child support obligation on the former wife dating back to January 2007. We reverse that portion of the trial court’s order and remand with instructions to the trial court to enter an amended order reflecting that the former wife’s retroactive child support obligation began on May 25, 2007, the date of the filing of the former husband’s petition for modification.
Affirmed in part, reversed in part, and remanded with instructions.
ALTENBERND and KELLY, JJ., Concur.