NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| ALEJANDRA IVANOVICH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case Nos. 2D14-1325 |
| | ) | 2D14-4216 |
| FERNANDO VALLADAREZ, | ) | |
| | ) | CONSOLIDATED |
| Appellee. | ) | |
| | ) | |

Opinion filed May 4, 2016.

Appeals from the Circuit Court for Polk
County; Keith Spoto and William D. Sites,
Judges.

Elizabeth S. Wheeler of Berg & Wheeler,
P.A., Brandon, for Appellant.

No appearance for Appellee.


MORRIS, Judge.

Alejandra Ivanovich, the former wife, appeals a February 2014 order

entered in postdissolution of marriage proceedings between her and her former

husband, Fernando Valladarez.  She also appeals an August 2014 order denying her

motion to vacate the February 2014 order.  We affirm without comment the August 2014

order denying the former wife's motion to vacate the February 2014 order, but we

reverse the February 2014 order based on several errors apparent from the face of the order.

**I. Background**

The parties were divorced in 2005. They have one minor child from the marriage. In November 2009, the former husband filed a postjudgment emergency motion for temporary custody of the child and to prevent the former wife from removing the child from the state. The trial court granted that motion in December 2009, temporarily placing the child in the custody of the former husband. In June and July 2010, the parties filed competing petitions for modification relating to the custody of the child. In November 2011, the trial court entered an order on the modification petitions in favor of the former husband but reserving jurisdiction on the financial issues.

A hearing was not held on the reserved financial issues until October 2013. The former wife's counsel attended the hearing, but the former wife did not. The trial court entered an order on the reserved financial issues in February 2014. The former wife appeals the February 2014 order in case 2D14-1325, and in that case, this court granted her request to relinquish jurisdiction so that she could file in the trial court a motion to vacate the February 2014 order. After a hearing, the trial court denied the former wife's motion to vacate by written order in August 2014. The former wife appeals the August 2014 order in case 2D14-4216. As mentioned above, we affirm without comment the August 2014 order, but we reverse the February 2014 order in several respects.

**II. Discussion**

The former wife first contends that in the February 2014 order, the trial court erred in ordering child support retroactive to December 17, 2009, which predated the former husband's request for child support made in his petition for modification filed on July 28, 2010.

In his motion for temporary custody filed in November 2009, the former husband did not request that child support be paid by the former wife. He was granted temporary custody of the child on December 17, 2009. The order suspended the former husband's child support obligation, but it did not order the former wife to pay child support. The parties then filed their competing petitions for modification in June and July 2010, and in his petition, the former husband requested child support from the former wife. He also requested "credit/repayment of any sums of child support he paid after initiating his action to have the minor child returned" to Florida in November 2009, but he did not request retroactive child support from the former wife to that date. Yet, the February 2014 order under review states that the former husband "is entitled to child support from the former wife retroactive to the date he received legal custody of the minor child, which was December 17, 2009." The trial court found the former wife's "child support obligation as of December 17th, 2009[,] to be $533.72 per month."

"Both the relevant statute and case law provide that a retroactive child support obligation may not be imposed prior to the filing of a petition seeking a modification." Webber v. Webber, 56 So. 3d 822, 823 (Fla. 2d DCA 2011) (holding that trial court could not order mother to pay child support retroactive to date that child moved in with father when father's petition for modification of child support was filed five months later); see also § 61.14(1), Fla. Stat. (2009 & 2010) (providing that upon a

-3-

request for modification, trial court may modify child support "retroactively to the date of the filing of the action or supplemental action for modification as equity requires"). Here, the former husband sought custody in December 2009, but he did not seek a modification of child support at that time. The trial court was bound by his pleading. See Owens v. Eshelman, 712 So. 2d 472, 473 (Fla. 1st DCA 1998) ("In a custody proceeding, the court is precluded from entering a judgment on any matter outside the issues framed by the pleadings."). The former husband's request for modification of child support was not made until July 2010, when he sought permanent custody. Therefore, the trial court erred in ordering child support retroactive to December 2009.

We note that the former wife failed to provide this court with a transcript of the October 2013 hearing held on the financial issues. However, the trial court's ruling that the former husband is entitled to child support from the former wife retroactive to the date he received custody of the minor child is an error of law that is apparent from the face of the judgment. See Soto v. Soto, 974 So. 2d 403, 404 (Fla. 2d DCA 2007) ("[E]ven where the appellant fails to provide a transcript, the absence of a transcript does not preclude reversal where an error of law is apparent on the face of the judgment." (quoting Chirino v. Chirino, 710 So. 2d 696, 697 (Fla. 2d DCA 1998))). The relevant date for purposes of child support is not the date the former husband received custody of the child; it is the date the former husband filed a pleading seeking modification of child support. Because the legal error is clear from the judgment, we reverse the February 2014 order on this issue.

The former wife also claims that the trial court erred in failing to make findings regarding the parties' gross incomes or deductions from income in a manner

-4-

that would allow this court to review the trial court's calculations for purposes of child support. "It is well-settled that a trial court errs by failing to make findings of fact regarding the parties' incomes when determining child support." Wilcox v. Munoz, 35 So. 3d 136, 139 (Fla. 2d DCA 2010). Specific "findings regarding the parties' incomes are necessary for a determination of whether the support ordered departed from the guidelines and, if so, whether that departure was justified." Id. (citing Jones v. Jones, 636 So. 2d 867, 867 (Fla. 4th DCA 1994)). "[T]he failure to include findings regarding the parties' incomes for purposes of child support calculations renders a final judgment facially erroneous, and the absence of a transcript does not preclude reversal on that basis." Id.

The trial court imputed a specific income to the former wife, but the trial court did not make specific findings regarding the former husband's income. The trial court did attach a guidelines worksheet that included specific findings of *net* income for both parties. Thus, the only findings that are absent are findings regarding how the trial court arrived at the parties' net incomes from their gross incomes. The guidelines require the calculation of a party's net income from gross income. See §§ 61.30(2), Fla. Stat. (2010) (requiring a determination of gross income), 61.30(3) (requiring the determination of net income by subtracting certain allowable deductions from gross income); see also Pedroza v. Pedroza, 779 So. 2d 616, 618-19 (Fla. 5th DCA 2001) ("The trial court is required to determine net income based upon section 61.30, Florida Statutes, by determining 'gross income' . . . and then subtracting from this figure 'allowable deductions' . . . ."); Savery v. Savery, 670 So. 2d 1034, 1035 (Fla. 4th DCA 1996) (reversing for trial court to "make a specific finding as to the parties' net incomes,

derived from their gross incomes minus the allowable deductions set forth in section 61.30(3)"). Thus, the lack of findings regarding gross income prevents this court from determining whether the trial court erroneously departed from those relevant parts of the guidelines, and we reverse the February 2014 order in this regard.

The former wife also argues that the trial court erred in directing her to pay the transportation expenses for visitation. "[T]he expenses of visitation are part of the parties' childrearing expenses that must be addressed as part of the parties' child support obligations." Perez v. Fay, 160 So. 3d 459, 466 (Fla. 2d DCA 2015); see also Drakulich v. Drakulich, 705 So. 2d 665, 667 (Fla. 3d DCA 1998) ("The expense of transporting the minor child for visitation is a childrearing expense like any other. . . . The expense of transporting the child for visitation must be evaluated within th[e] framework [of section 61.30]."). The trial court erred in not factoring this expense into the child support calculations, and we reverse for reconsideration of this issue.

Last, the former wife contends that the trial court erred in failing to make specific factual findings supporting its award of attorneys' fees and costs to the former husband. In the February 2014 order, the trial court found that the former wife must pay $602.14 to the former husband for the cost he spent in retrieving the child from the former wife in Maryland in 2009 and that the former wife must pay the former husband's $1980 attorneys' fees and costs spent on that legal matter. But in its order, the trial court did not make any findings of need and ability to pay, which are the primary considerations in family law cases in regard to attorneys' fees and costs. See § 61.16(1); Perez v. Perez, 100 So. 3d 769, 771 (Fla. 2d DCA 2012). The trial court may have awarded the costs and fees to the former husband based on the former wife's

conduct, but in doing so, the trial court was required to make express findings to that effect. See Hahamovitch v. Hahamovitch, 133 So. 3d 1020, 1025 (Fla. 4th DCA 2014) (citing Moakley v. Smallwood, 826 So. 2d 221, 227 (Fla. 2002)). Moreover, even though the trial court found that the former husband's request is "reasonable as to the time expended and hourly rate therefor" and awarded that amount plus interest, the trial court did not make any findings regarding the reasonable hourly rate and number of hours expended. See Harris v. McKinney, 20 So. 3d 400, 403 (Fla. 2d DCA 2009). The lack of findings supporting the award of attorney's fees is reversible error despite the former wife's failure to provide an adequate record of the hearing. See Macarty v. Macarty, 29 So. 3d 434, 435 (Fla. 2d DCA 2010).

Accordingly, we reverse the February 2014 order for the reasons and to the extent explained above and remand for further proceedings consistent with this opinion.

Affirmed in part; reversed in part; remanded.


CASANUEVA and SALARIO, JJ., Concur.