NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

AIROL MUNOZ,                                    )
                                               )
              Appellant,                        )
                                               )
v.                                             )          Case No. 2D16-1604
                                               )
PAULINA MUNOZ,                                  )
                                               )
              Appellee.                         )
                                               )
_____)

Opinion filed February 3, 2017.

Appeal from the Circuit Court for
Hillsborough County, Nick Nazaretian,
Judge.

Lawrence J. Hodz of Cortes Hodz Family
Law & Mediation, P.A., Tampa,
for Appellant.

Jessica C. Tien of Tien Law Group,
Tampa, for Appellee.

LUCAS, Judge.

Airol Munoz, the former husband, appeals the circuit court's orders

modifying timesharing and establishing child support and arrears concerning his minor

children, A.M. and C.M.  Mr. Munoz came before the circuit court on his supplemental

petition to modify a default final judgment entered on January 8, 2008, which had

awarded Paulina Munoz, his former wife, sole parental responsibility and timesharing

with A.M. and C.M.[1]  In response to the modification petition, Ms. Munoz filed a petition to establish child support and retroactive child support against Mr. Munoz.  A trial was held on both petitions before the circuit court on February 5, 2016.  The court entered its orders on March 2, 2016, and Mr. Munoz timely appealed.

Although the absence of a transcript from the trial prevents us from addressing many of the issues Mr. Munoz raises on appeal, because there are errors that are plain on the face of the order modifying timesharing, we are compelled to reverse those portions of the circuit court's order.  See Ivanovich v. Valladarez, 190 So. 3d 1144, 1147 (Fla. 2d DCA 2016) (citing Soto v. Soto), 974 So. 2d 403, 404 (Fla. 2d DCA 2007).  The progressive, three-phase daytime timesharing schedule the circuit court fashioned to reintegrate Mr. Munoz in his daughters' lives improperly vests the decision-making authority as to when Mr. Munoz can proceed into the second and third phases solely with a therapist.  The order also gives Ms. Munoz sole discretion, at any time, to choose to replace this therapist, which was also an improper delegation of the court's authority.   Third, and perhaps most troubling, the order fails to resolve whether Mr. Munoz will ever be entitled to overnight, unrestricted timesharing with his minor children, if or when he completes the third phase of this schedule.  Taken together, these errors, which are clear from the face of the order, constituted reversible error.

As we explained in Grigsby v. Grigsby, 39 So. 3d 453, 456-57 (Fla. 2d DCA 2010):

> "Although termination of visitation rights is disfavored, . . .
> the trial court has discretion to restrict or deny visitation
> when necessary to protect the welfare of the children."

---

[1]Mr. Munoz's motion to set aside that default judgment has not been heard by the circuit court.  Accordingly, we express no opinion as to its merits.

Hunter v. Hunter, 540 So. 2d 235, 238 (Fla. 3d DCA 1989). However, when the court exercises this discretion, it must clearly set forth the steps the parent must take in order to reestablish time-sharing with the children. Id.; see also Ross v. Botha, 867 So. 2d 567, 571 (Fla. 4th DCA 2004). Essentially, the court must give the parent the key to reconnecting with his or her children. An order that does not set forth the specific steps a parent must take to reestablish time-sharing, thus depriving the parent of that key, is deficient because it prevents the parent from knowing what is expected and prevents any successor judge from monitoring the parent's progress. See Ross, 867 So. 2d at 571.

. . . .

"Moreover, it is the trial court's responsibility to ensure that an appropriate relationship is maintained between a parent and his or her children, and that responsibility cannot be abdicated to any parent or expert." McAllister v. Shaver, 633 So. 2d 494, 496 (Fla. 5th DCA 1994); see also Letourneau v. Letourneau, 564 So. 2d 270, 270 (Fla. 4th DCA 1990). Thus, a reasonable time-sharing schedule based on the parent's individual circumstances must be created based on the exercise of the *court's discretion*, not the other parent's. Letourneau, 564 So. 2d at 270.

Here, the order modifying timesharing violated the strictures of Grigsby, 39 So. 3d at 456-457; see also Perez v. Fay, 160 So. 3d 459, 466 (Fla. 2d DCA 2015).

Accordingly, we reverse those portions of the order modifying timesharing that delegated decision-making to a therapist of Ms. Munoz's sole approval, and that failed to describe what, if any, timesharing Mr. Munoz would be entitled to upon completion of the third phase. On remand, the court shall render an order on Mr. Munoz's petition consistent with this opinion and that sets forth requisite findings and rulings concerning what, if any, timesharing Mr. Munoz will have with A.M. and C.M. upon completion of any reunification schedule the court may fashion. In all other respects, we affirm the orders below.

- 3 -

Affirmed in part; reversed in part; and remanded.


NORTHCUTT and KHOUZAM, JJ., Concur.